UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN LACY (20200420040), | ) |
| Plaintiff, | ) |
| v. | ) No. 22 C 1442 |
| | ) Judge Sara L. Ellis |
| UNKNOWN STAFF, et al., | ) |
| Defendants. | ) |

## ORDER

The Court grants Plaintiff's application to proceed *in forma pauperis* [3]. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $14.83 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. **Plaintiff's trust fund officer must collect 40% of all income into his trust account (in reducing increments of 20% as statutory fees are successively paid off) until accrued filing fees are paid.** Summonses, however, shall not issue. The Court instructs court-recruited counsel to investigate Plaintiff's claim(s) and determine whether this lawsuit, or any other claims, should be brought separately or together with Plaintiff's other case in this Court (No. 22 C 1335). The Court directs the Clerk to: (1) send a copy of this order (electronically if possible) to the trust fund officer of the facility having custody of Plaintiff and to this Court's Fiscal Department; and (2) send a copy of this order to recruited counsel, the PACER Service Center, and the Systems Department. Plaintiff must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court grants Plaintiff's motion for attorney representation [4]. The Court recruits Attorney Ronald S. Cope of Schain Banks Kenny & Schwartz, Ltd., 70 W. Madison Street Chicago, Illinois, 60602, rcope@schainbanks.com) to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rule 83.37.[1] The Court directs recruited counsel to file an appearance by May 6, 2022. The Court sets a status hearing for June 15, 2022 at 9:30 a.m.

---

[1] The recruited attorney falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, the above-named attorney shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case and the previous cases filed in this court by this plaintiff (14 C 6259, 16 C 3151, 22 C 1335) only. The assigned attorney shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of the attorney's participation in the matter. The Court may revoke this exemption at its discretion at any time. The attorney shall contact the PACER Service Center at 1-800-676-6856 or via the link below to make any necessary arrangements for the waiver. A copy of this order shall be sent to the PACER Service Center at https://pacer.uscourts.gov/. A copy of this order shall also be sent to the Systems Department of the Northern District of Illinois.

**STATEMENT**

Plaintiff Johnathan Lacy, a pretrial detainee at Cook County Jail, brings this civil rights action *pro se* under 42 U.S.C. § 1983, alleging two conditions-of-confinement claims against numerous correctional officers at the Jail. The Court now reviews Lacy's application to proceed *in forma pauperis*, screens his complaint, and assesses his motion for attorney representation.

The Court grants Lacy's application for leave to proceed *in forma pauperis*. The Court authorizes and orders Lacy to immediately pay (and the facility having custody of him to automatically remit) $14.83 to the Clerk of Court for payment of the initial partial filing fee. *See* 28 U.S.C. §§ 1915(b)(1)–(2). Payments must be collected in every calendar month in which Lacy receives $10 or more until the $350 filing fee is paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Lacy's name and the case number assigned to this case.

Lacy now owes the statutory filing fees for the current case, plus *Lacy v. Gust*, No. 22 C 1335 (N.D. Ill.). "A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the Court until the fees have been paid." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000); *see also Bruce v. Samuels*, 577 U.S. 82, 89 (2016) ("The Circuits following the per-case [as opposed to the per-prisoner] approach, we conclude, better comprehend the statute."). Therefore, the Court directs Lacy's trust fund officer to turn over 40 percent of any and all deposits into Lacy's account to the Clerk of Court toward payment of accrued filing fees. The Court further instructs Lacy's trust fund officer ensure that a copy of this order is mailed to each facility where Lacy is housed until all filing fees have been paid in full.

As for a prisoner-filed complaint, the Court is required to screen the plaintiff's complaint and dismiss it, or any claims therein, if the complaint or any portion is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *see Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (internal quotation marks omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under

the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Lacy alleges the following facts, assumed true on threshold screening. Lacy is a paralyzed detainee who is wheelchair-bound. One day, he was brought to the third floor Div-8 cage, where he was met with verbally disrespectful correctional officers. More than five correctional officers forced Lacy inside and then proceeded to push, punch, and slam him to the floor. The cage also had no toilet nor running water, and Lacy remained there for more than 24 hours. Without the ability to use a bathroom, Lacy soiled himself. After telling correctional officers what happened, they only called him derogatory names. He did not receive fresh clothes until the following day.

The Fourteenth Amendment protects pretrial detainees against conditions of confinement that amount to punishment and the use of excessive force by correctional officers; these claims are governed by the objective reasonableness standard. *See Kemp v. Fulton Cnty.*, --- F.4th -----, 2022 WL 575719, at *3 (7th Cir. Feb. 25, 2022); *Hardeman v. Curran*, 933 F. 3d 816, 823 (7th Cir. 2019); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). As for an excessive force claim, at the pleading stage, a plaintiff need only allege that defendants purposefully or knowingly used objectively unreasonable force against him, bearing in mind defendants' need to preserve order. *Kingsley*, 576 U.S. at 397. As for a deprivation of access to a bathroom or toilet claim, at the pleading stage, a plaintiff need only allege that defendants purposefully or knowingly deprived him of access to a bathroom or toilet for an objectively unreasonable amount of time. *See Kemp*, 2022 WL 575719, at *3; *cf. Houston v. PTS of Am.*, 20-CV-163-PP, 2021 WL 1017120, at *10 (E.D. Wis. Mar. 17, 2021) ("Depriving an inmate of access to a bathroom for several hours to the point where the inmate is forced to defecate and urinate on the floor and sit in it sufficiently states a claim under the Eighth Amendment for screening purposes." (citations omitted); *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979) (during pretrial detention, conditions of confinement that amount to punishment violate the Constitution).

Though Lacy collectively names unknown Defendants, "Unknown Staff," he otherwise states plausible conditions-of-confinement claims for deprivation of bathroom access and excessive force. At this time, the Court defers adding a nominal Defendant, which ordinarily the Court would do to allow Lacy to obtain the identities of the unknown Defendants. Thus, the Court will not issue summonses.

Even though a plaintiff does not have a constitutional right to court-appointed counsel in federal civil litigation, the Court exercises its discretion to request that an attorney represent Lacy. *Pennewell v. Parish*, 923 3d. 486, 490 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). The Court requests that Attorney Ronald S. Cope of Schain Banks Kenny & Schwartz, Ltd. represent Lacy in accordance with counsel's trial bar obligations under N.D. Ill. Local Rule 83.37. Lacy is advised that pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment & Reimbursement of Expenses of Court Assigned Counsel in Pro Bono Cases from the District Court Fund, any recovery (e.g., settlement, judgment, award of fees, or costs) in excess of $50,000 requires reimbursement to the

District Court Fund from such recovery for amounts paid on behalf of the receiving party in excess of $5,000.

  Since Lacy filed this lawsuit in rapid succession to No. 22 C 1335 and both involve excessive force allegations, the Court instructs recruited counsel to investigate Lacy's claims in this lawsuit to determine whether the case should continue separately or be brought together with No. 22 C 1335. Recruited counsel shall report his findings to the Court on completion of his investigation at the initial status hearing in this case.

Date: April 14, 2022              /s/ Sara L. Ellis