# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:22-cv-01442 |
| ) | |
| COUNTY OF COOK, COOK COUNTY ) | Honorable Sara L. Ellis |
| SHERIFF THOMAS DART, UNKNOWN ) | |
| COOK COUNTY CORRECTIONAL ) | JURY DEMANDED |
| OFFICERS, ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Plaintiff, JONATHAN LACY ("LACY"), by his attorneys, complains of Defendants, COUNTY OF COOK, COOK COUNTY SHERIFF THOMAS DART, and UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS, and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331, as all claims asserted herein are brought pursuant to 28 U.S.C. Sec. 1983 and pose federal questions.

2. Venue is proper under 28 U.S.C. Sec. 1391(b), as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

3. Plaintiff LACY is an inmate currently incarcerated in Pinckneyville Correctional Center located in Pinckneyville, Illinois. LACY's Prisoner Identification Number is 20200420040.

4. At all relevant times, beginning on or about April 20, 2020, LACY was incarcerated in the Cook County Jail, located in Chicago, Illinois.

1

5. The Cook County Jail is operated by the Cook County Sheriff's Office, a department of the County of Cook, Illinois.

6. The County of Cook is responsible for all money damages against the Sheriff's Office and its officers.

7. The Cook County Sheriff's Office is responsible for the acts of its employees while acting within the scope of their employment, including correctional officers working at the Cook County Jail within the scope of their employment.

8. Defendant Thomas Dart is the Sheriff of Cook County.

9. As Sheriff, Defendant Thomas Dart is responsible for all final policies and practices implemented at the Cook County Jail.

10. The Defendants, Unknown Cook County Correctional Officers, are or at all relevant times were employed by the Cook County Sheriff's Office and acting within the scope of their employment as a Correctional Officer.

## **COMMON ALLEGATIONS**

11. On or about April 19, 2020, LACY was arrested in Chicago, Illinois.

12. On April 20, 2020, LACY was brought to the Cook County Jail, where his initial bond hearing was held at 1:30 P.M.

13. At some point following his arrival on April 20, 2020, LACY was brought to a second-floor arrival area.

14. At all times relevant to this suit, and to this day, LACY is paralyzed, wheelchair bound, and is reliant on his wheelchair for mobility.

15. At all times relevant to this suit, and to this day, LACY requires wheelchair accessible accommodations including but not limited to toilet access, shower access, and a wheelchair accessible bed.

16. At all times relevant to this suit, the Cook County Sherriff's office and all Cook County Jail employees knew or should have known of LACY's disability.

17. On April 20, 2020, LACY was moved from the second the third-floor Div-8 intake area, known as the "bullpen."

18. On information and belief, as of April 20, 2020, the use of these so-called "bullpens" in the Cook County Jail were prohibited pursuant to a temporary restraining order issued by the United States District Court on or about April 9, 2020.

19. While moving LACY to the third-floor area, unknown Cook County correctional officers made several jokes regarding LACY's wheelchair.

20. Upon arrival at the third floor "bullpen" area, LACY pleaded with the unknown Cook County correctional officers, begging not to leave him in the "bullpen".

21. Upon arrival at the third floor "bullpen" area, LACY told the unknown Cook County correctional officers that the "bullpen" was not supposed to be in use due to the Covid 19 pandemic.

22. Despite LACY's pleas, on April 20, 2020, upon LACY's arrival to the third floor "bullpen" area, the unknown Cook County correctional officers forced LACY into the "bullpen."

23. In the process of forcing LACY into the "bullpen," the unknown Cook County correctional officers violently pushed LACY and slammed him to the floor.

24. The unknown Cook County correctional officers proceeded to beat and punch LACY, taunting him not to fight back.

25. Following the physical altercation, the unknown Cook County correctional officers left LACY in the third floor "bullpen."

26. The "bullpen" contained no wheelchair accommodations, no toilet, no running water, and no bed.

27. Following the physical altercation on April 20, 2020, the unknown Cook County correctional officers left LACY in the "bullpen" for over 24 hours.

28. During that 24-hour period, LACY was forced to use the bathroom on himself, as he had no access to any toilet facilities.

29. During that 24-hour period, LACY was forced to sleep on the floor of the "bullpen," as he had no access to a bed or any bedding material.

30. During that 24-hour period, LACY was not provided a change of clothes, despite being forced to soil himself and otherwise sleep on the floor.

31. From April 20, 2020, into April 21, 2020, the wheelchair bound LACY was violently beaten and subsequently abandoned in the third-floor "bullpen," resulting in serious physical and emotional trauma.

**Count I – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment**
**(Unknown Cook County Correctional Officers)**

32. LACY hereby reasserts and incorporates Paragraph Nos. 1-31 as though fully set forth herein.

33. As set forth above, on April 20, 2020, Unknown Cook County Correctional Officers abandoned LACY in an enclosed area without access to a bed, toilet, running water, or a change of clothes.

34. LACY is, and was, wheelchair bound, and lacked access to any wheelchair accessible accommodations.

35. The Unknown Cook County Correctional Officers all had prior knowledge of the third-floor, Div 8, "bullpen", and knew inmates left there would not have access to a bed, toilet, or running water.

36. Furthermore, the Unknown Cook County Correctional Officers all knew of LACY's wheelchair disability status.

37. Nevertheless, the Unknown Cook County Correctional Officers left LACY in the "bullpen" for a period of time in excess of 24-hours.

38. The Unknown Cook County Correctional Officers knew of the mental and physical harm that would occur when left without access to a bed, toilet, or running water for longer than 24-hours.

39. Additionally, the Unknown Cook County Correctional Officers knew this may be amplified in LACY's situation, where his wheelchair disability status made him particularly vulnerable and unable to help himself when abandoned without access to wheelchair accessible accommodations.

40. Equipped with this knowledge, the Unknown Cook County Correctional Officers consciously failed to take reasonable measure to provide LACY with access to a bed, toilet, or running water, or otherwise check in on LACY during the 24-hour period.

41. Thus, the Unknown Cook County Correctional Officers demonstrated a willful, malicious, and/or reckless indifference to LACY's safety and well-being when he was abandoned in the "bullpen," in violation of LACY's rights under the Fourteenth Amendment to the U.S. Constitution.

42. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants, UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

## Count II – Use of Excessive Force in Violation of the Fourth Amendment
**(Unknown Cook County Correctional Officers)**

43. LACY hereby reasserts and incorporates Paragraph Nos. 1-31 as though fully set forth herein.

44. As LACY pleaded with the Unknown Cook County Correctional Officers to not be abandoned in the "bullpen," in violation of the temporary restraining order in place, the Unknown Cook County Correctional Officers violently pushed LACY to the floor and proceeded to beat him.

45. At that time, the wheelchair-bound LACY was not acting aggressively towards the Unknown Cook County Correctional Officers, nor were his verbal protests indicative that he may become aggressive, and a reasonable correctional officer in the same position would not have viewed them as such.

46. Thus, the Unknown Cook County Correctional Officers violently pushed and beat LACY for the purpose of harming LACY, and not in a good faith effort to maintain or restore security and order.

47. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants, UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

**Count III – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment**
**(Cook County Sheriff Thomas Dart and County of Cook)**

48. LACY hereby reasserts and incorporates Paragraph Nos. 1-31 as though fully set forth herein.

49. On or about April 20, 2020, Sheriff Dart and the Cook County Sheriff's Office failed to implement policies and procedures to ensure that inmates left in the third-floor, div 8 "bullpen" were not overlooked.

50. Additionally, on or about April 20, 2020, Sheriff Dart and the Cook County Sheriff's Office failed to implement policies and procedures to comply with the temporary restraining order in effect regarding the ban against using the "bullpen" intake areas.

51. With the high number of people, both with and without disabilities, that enter the Cook County Jail, Sheriff Dart and the Cook County Sheriff's Office, and by extension the County of Cook, were aware of the need to implement policies and procedures ensuring inmates left in the "bullpens" are not overlooked for long periods of time.

52. Particularly, with the high number of people with disabilities that enter the Cook County Jail, Sheriff Dart, the Cook County Sheriff's Office, and by extension the County of Cook, were aware of the need for policies and procedures to ensure that inmates with wheelchair

disability status had access to wheelchair-accessible accommodations to accomplish fundamental self-care tasks, such as using the toilet or grooming.

53. Sheriff Dart and the County of Cook have failed to establish adequate procedures addressing any of above issues.

54. As a direct result of these deficiencies, correctional staff routinely overlook detainees left in the "bullpen" and leave detainees without access to a bed, toilets, or running water for long periods of time.

55. In fact, the misconduct described herein was undertaken pursuant to the existing policies and practices of the County of Cook, and by Sheriff Dart and the County's failure to implement sufficient policies and practices.

56. Sheriff Dart and the County of Cook have manifested a deliberate indifference by maintaining policies and practices that fail to adequately ensure inmates, especially inmates with disabilities, are not overlooked in the "bullpen."

57. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against the Defendants, COOK COUNTY SHERIFF THOMAS DART and the COUNTY OF COOK, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count IV – Violation of the Rehabilitation Act
**(Cook County Sheriff Thomas Dart and County of Cook)**

58. LACY hereby reasserts and incorporates Paragraph Nos. 1-31 as though fully set forth herein.

59. Section 504 of the Rehabilitation Act ("Section 504") provides that "[]no otherwise qualified individual with a disability in the United States…shall, solely by reason of [his] disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program of activity receiving Federal financial assistance…" 29 U.S.C. § 794.

60. Section 504 requires covered entities to provide reasonable accommodations to enabled qualified individuals with disabilities to participate in the program or activity.

61. Cook County, the Cook County Jail and the Cook County Sheriff's office receive federal financial assistance.

62. Defendants Sheriff Dart and the County of Cook are subject to the Rehabilitation Act as entities of local government that receive federal financial assistance.

63. LACY is paralyzed from the waist down and dependent on his wheelchair for mobility, as such LACY is a qualified individual with a disability pursuant to Section 504.

64. By failing to provide LACY with the reasonable accommodation of a wheelchair accessible "bullpen," including wheelchair accessible toilets and beds, Defendants Sheriff Dart and the County of Cook discriminated against LACY in violation of Section 504.

65. Defendants Sheriff Dart and the County of Cook's conduct was intentional and deliberately indifferent to LACY's federally protected rights.

66. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against the Defendants, COOK COUNTY SHERIFF THOMAS DART and the COUNTY OF COOK, and to award Plaintiff his attorneys' fees and

costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count V – Violation of the Americans with Disabilities Act
### (Cook County Sheriff Thomas Dart and County of Cook)

67. LACY hereby reasserts and incorporates Paragraph Nos. 1-31 as though fully set forth herein.

68. Under Title II of the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, but reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

69. The ADA requires public entities to provide reasonable accommodations to qualified individuals with disabilities to enable them to benefit from the service and participate in the program or activity.

70. LACY is paralyzed from the waist down and dependent on his wheelchair for mobility, as such LACY is a qualified individual with a disability pursuant to the ADA.

71. By failing to provide LACY with the reasonable accommodation of a wheelchair accessible "bullpen," including wheelchair accessible toilets and beds, Defendants Sheriff Dart and the County of Cook discriminated against LACY in violation of the ADA.

72. Defendants Sheriff Dart and the County of Cook's conduct was intentional and deliberately indifferent to LACY's federally protected rights.

73. As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against the Defendants, COOK COUNTY SHERIFF THOMAS DART and the COUNTY OF COOK, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

## JURY DEMAND

The Plaintiff, JONATHAN LACY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

JONATHAN LACY

By: /s/ Ronald S. Cope
One of His Attorneys

Ronald S. Cope, ARDC# 0515256
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 2300
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
rcope@schainbanks.com