**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-cv-01442 |
| | ) | |
| COUNTY OF COOK, COOK COUNTY | ) | Honorable Sara L. Ellis |
| SHERIFF THOMAS DART, UNKNOWN | ) | |
| COOK COUNTY CORRECTIONAL | ) | JURY DEMANDED |
| OFFICERS, | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

The plaintiff, Jonathan Lacy ("Plaintiff"), through his attorneys, and defendants County of Cook and County Sheriff Thomas Dart ("Defendants County and Dart"), through their attorneys, submit this Joint Initial Status Report pursuant to the Court's December 13, 2022 Order (Dkt. No. 13) and state as follows:

1. **Nature of the Case**

    A. Identify the attorneys of record for each party, including the lead trial attorney.
    **Plaintiff is represented by the law firm of Schain, Banks, Kenny & Schwartz, Ltd. Ronald S. Cope is the lead attorney. Nicholas D. Standiford is an attorney of record in the case.**

    **Defendants County and Dart are represented by DeVore Radunsky LLC. Jason E. DeVore is the lead attorney. Zachary G. Stillman is an attorney of record in the case.**

    **Defendants, Unknown Cook County Correctional Officers ("Defendants Unknown Officers"), have not been identified or served with process.**

    B. Identify any parties that have not yet been served.
    **Defendants Unknown Officers have not been served.**

    C. State the basis for federal jurisdiction.
    **All claims asserted by Plaintiff in the present cause of action are constitutional claims posing federal questions. Federal jurisdiction is therefore appropriate without raising issues of supplemental or diversity**

1

       **jurisdiction.**

D.    Describe generally the nature of the claims asserted in the complaint and any counterclaims.

**As set forth in the Amended Complaint, Plaintiff is wheelchair bound and he alleges that he was forced to stay in the "bullpen" at the Cook County Jail, despite a court order restricting the use of such bullpen. He alleges that he was violently pushed, slammed to the floor, punched, and taunted by officers when they were putting Plaintiff in the bullen. Plaintiff alleges that he was held in the bullpen for over 24 hours without food, water, bathroom facilities, a bed or a change of clothes. Plaintiff further alleges that these circumstances were the direct result of policies and practices implemented by Sheriff Dart and the County of Cook. Accordingly, the Amended Complaint contains five (5) counts. They are as follows:**

- **Count I – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment (Unknown Cook County Correctional Officers);**
- **Count II – Use of Excessive Force in Violation of the Fourth Amendment (Unknown Cook County Correctional Officers);**
- **Count III – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment (Cook County Sheriff Thomas Dart and County of Cook);**
- **Count IV – Violation of the Rehabilitation Act (Cook County Sheriff Thomas Dart and County of Cook); and**
- **Count V – Violation of the Americans with Disabilities Act (Cook County Sheriff Thomas Dart and County of Cook).**

E.    State the major legal and factual issues in the case.
- **Was there a violation of the Fourteenth Amendment for uninhabitable living conditions (Unknown Defendant Officers).**
- **Was there a violation of the Fourth Amendment for excessive force against Plaintiff.**
- **Was there a violation of the Fourteenth Amendment for uninhabitable living conditions (Defendants County and Dart).**
- **Was there a violation of the Rehabilitation Act (Defendants County and Dart).**
- **Was there a violation of the Americans with Disabilities Act (Defendants County and Dart).**

F.    Describe the relief sought.

**Plaintiff seeks compensatory and punitive damages and attorney's fees and costs against each Defendant.**

2. **Case Plan**

   A. Identify all pending motions.
   **None at this time.**

   B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.
   **As to Defendants County and Dart, Defendants' counsel are evaluating whether they intend to file a motion to dismiss and are awaiting further information from the County and Sheriff's Office. Defense counsel is evaluating whether certain qualified immunities may exist, including immunity from punitive damages and defenses to the *Monell*-style allegations in Count IV. In addition, as a threshold matter, the Defendants are evaluating potential defenses under the PLRA including whether Plaintiff complied with the Cook County Jail's grievance policy and exhausted his administrative remedies prior to filing suit. The County and Dart Defendants request until April 21, 2023, to file their responsive pleadings. This allows time for the other Defendants to be identified for Plaintiff to affect service and for counsel to appear on behalf of those Defendants, so dispositive motions can proceed on one track for all Defendants.**

   C. Submit a proposed discovery plan, including the following information:

      i. the general type of discovery needed;
      **Parties' Initial Rule 26(a)(1) disclosures; Written Interrogatories pursuant to Rule 33 and Requests to Produce documents pursuant to Rule 34; possible Rule 36 Request to Admit; HIPAA Protective Order.**

      ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;
      **There will potentially be ESI. The parties agree to meet and confer prior to any ESI requested to narrow down the scope of any requests, including custodians, date ranges, search terms and reasonable dates for any production.**

      iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);
      **Given the highly sensitive and proprietary nature of records being produced by the County and Jail, in order to protect their dissemination, the Defendants intend to file an Agreed motion and Confidentiality Order consistent with this Court's Standing Order (i.e., Model Confidentiality Order in LR 26.2) prior to any production.**

    iv.    the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;
**Plaintiff proposes that such disclosures be made on or before March 20, 2023 or within a reasonable time after this Court determines when Defendants County and Dart's responsive pleadings are due.**

    v.    the date by which the parties will complete fact discovery;
**Plaintiff proposes completion of fact discovery 60 days following the disclosure required under Federal Rule of Civil Procedure 26(a)(1).**

**This is difficult to predict given the number of defendants who Plaintiff might wish to depose. There are multiple defendants that Plaintiff may name. In addition, medical discovery is highly likely and could take several months. Defendants County and Dart propose 9 months or until October 1, 2023 to complete fact discovery. The Parties propose a status on discovery sometime in late June or July 2023.**

    vi.    whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;
**To the extent Plaintiff contemplates such expert discovery, Plaintiff proposes that its Federal Rule of Civil Procedure 26(a)(2) disclosure be made prior to the closure of fact discovery. Defendants County and Dart would request the Court set an expert discovery schedule after fact discovery has been completed.**

    vii.    what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and
**Plaintiff proposes no limitation. Defendants County and Dart also propose none at this time.**

    viii.    the date by which the parties must file any dispositive motions.
**Plaintiff proposes a date 35 days following the closure of fact discovery. Defendants County and Dart request 45 days so that they have sufficient time to order and evaluate any relevant depositions prior to filing any dispositive motion.**

D.    State whether there has been a jury demand and the estimated length of the trial.
**Yes, a jury was demanded. The trial length is not predictable at this time.**

3. **Settlement**

   A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.
      **None.**

   B. State whether the parties believe that a settlement conference would be productive at this time.
      **Plaintiff believes so. Defendants County and Dart have not received any settlement demand from Plaintiff yet so they are unable to evaluate the potential for settlement. If Plaintiff makes a reasonable settlement demand, the Defendants are amenable to the possibility of participating in a settlement conference, but a settlement conference would not be productive at this early stage.**

4. **Consent to Proceed Before a Magistrate Judge**

   A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do *not* indicate which parties consented or did not consent.
      **Plaintiff has not been so informed but a call will be arranged to inform him of such. Defendants County and Dart do not consent to a Magistrate at this time.**

Respectfully submitted,

| | |
|---|---|
| **JONATHAN LACY** | **COOK COUNTY AND SHERIFF DART** |
| By: /s/ *Nicholas D. Standiford* | By: /s/*Jason E. DeVore* |
| SCHAIN, BANKS, KENNY & SCHWARTZ, LTD. | DEVORE RADUNSKY LLC |
| Ronald S. Cope (ARDC # 051256) | Jason E. DeVore (ARDC # 6242782) |
| Nicholas D. Standiford (ARDC # 6315763) | Zachary G. Stillman (ARDC # 6342749) |
| 70 W. Madison Street, Suite 2300 | 230 W. Monroe Street, Ste. 230 |
| Chicago, Illinois 60602 | Chicago, IL 60606 |
| Phone: (312) 345-5700 | (312) 300-4479 telephone |
| rcope@schainbanks.com | jdevore@devoreradunsky.com |
| nstandiford@schainbanks.com | zstillman@devoreradunsky.com |