**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN LACY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1: 22-cv-01442 |
| ) | |
| vs. ) | Hon. Sara L. Ellis |
| ) | |
| COUNTY OF COOK, COOK COUNTY SHERIFF ) | |
| THOMAS DART, and UNKNOWN COOK COUNTY ) | |
| CORRECTIONAL OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS**
**PURSAUANT TO FED. R. CIV. P. 4(m), 12(b)(6)**

NOW COME Defendants COOK COUNTY, a Body Politic and Corporate (Incorrectly named as County of Cook), COOK COUNTY SHERIFF THOMAS DART, and UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and pursuant to Rules 4(m) and 12(b)(6) of the Rules of Civil Procedure, and for their Motion to Dismiss for Failure to State a Claim, state as follows:

**INTRO/BACKGROUND**

Plaintiff Jonathan Lacy first filed this action as a handwritten complaint, accepted by the court on March 18, 2022. ECF No. 1. The original complaint named only "unknown staff" as defendants, Thereafter, on December 20, 2022, counsel for Plaintiff filed a First Amended Complaint, naming defendants County of Cook, Cook County Sheriff Thomas Dart, and Unknown Cook County Correctional Officers. ECF No. 14. Plaintiff's claims relate to an incident on April 20, 2020, wherein Plaintiff alleged that he was wheelchair-bound and placed in an intake area on the third floor in Division 8 while he awaited his bond hearing. ECF No. 14. The complaint alleges

that unknown officers pushed Plaintiff to the floor and left him in the area for over 24 hours without wheelchair accommodations, toilet, running water or bed. ECF No. 14.

## STANDARD OF REVIEW

On consideration of a motion to dismiss pursuant to Rule 4(m) for failure to effect timely service of process, "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service[,]" and if such is shown, it may extend the time for an appropriate period. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). When considering a motion to dismiss, courts evaluate whether Plaintiff's complaint has met its obligation to provide sufficient grounds for its entitlement to relief beyond a mere "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A court considering a motion to dismiss should assume the veracity of all well-pled factual allegations in the complaint, then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a 12(b)(6) motion to dismiss. *Id.* at 678. To avoid dismissal, the complaint must sufficiently describe the claim to give the defendant fair notice of the claim and the grounds upon which it rests, and the complaint must include enough facts to state a claim to relief that is plausible on its face and rise above a speculative level. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *E.E.O.C. v. Concentra Health Services., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Additionally, under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the

2

party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (party can proceed under a 12(e) motion for more definite statement when unstated facts are not known to moving party). Specifically, this is seen where a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

## ARGUMENT

I. **Unknown Cook County Correctional Officer Defendants Should be Dismissed from Counts I and II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 4(m), as well as Because the Statute of Limitations**

Plaintiff's First Amended Complaint asserts two counts against Defendants who are merely identified as "Unknown Cook County Correctional Officers." ECF No. 14 ¶¶ 1-47. Count I brings a claim for failure to provide habitable living conditions in violation of the Fourteenth Amendment, *Id.* at ¶¶ 32-42, while Count II asserts a claim for use of excessive force in violation of the Fourth Amendment. *Id.* at ¶¶ 43-47. Plaintiff's original complaint, filed on March 18, 2022, names only Unknown Cook County Correctional Officers (also referred to as "Unknown Staff"). ECF No. 1. The limited time Plaintiff had to identify and serve any John Doe Defendants has now passed and all Unknown Cook County Correctional Officers should be dismissed.

Pursuant to Fed. R. Civ. P. 4(m), service must be effectuated upon a defendant within 120 days after the filing of a complaint, otherwise the Court, on Motion or on its own initiative, "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time[.]" The same applies to unknown defendants, or "John Doe Defendants," *Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1049 (N.D. Ill. 2008), who "'must be identified and served within 120 days of the commencement of the action against them.'" *Id.* (citing *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill.1995)); *see also* Fed. R. Civ. P. 4(m) ("If service of

3

the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant...."). Proceeding against unnamed defendants is not viewed favorably, *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *Strauss v. City of Chi.*, 760 F.2d 765, 770 n.6 (7th Cir. 1985).

Plaintiff initially filed his complaint, naming the unknown officers as the sole Defendants and initiating this matter, on March 18, 2022. ECF No. 1. More than two years have passed since Plaintiff filed this lawsuit, which far surpasses the 120-day period to identify and serve the unnamed defendants. Fed. R. Civ. P. 4(m); *Redd*, 578 F. Supp. 2d at 1049. During the 13 months since this action commenced, Plaintiff filed a first amended complaint adding defendants Sheriff Thomas Dart and Cook County. Thus, issues that may arise with dismissing an action that names only unknown defendants, do not apply here because multiple defendants have been named. *Aviles*, 160 F.R.D. at 567-68. It is appropriate to dismiss the Unknown Cook County Correctional Officers from this suit.

Plaintiff's claims in Counts I and II likewise fail because the statute of limitations bars his claims against anyone not yet identified in the complaint. The law treats § 1983 claims "as personal injury claims[,]" therefore, they "are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citing *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)). Accordingly, the statute of limitations for his claims is two years. *Delgado-Brunet*, 93 F.3d at 342; 735 ILCS 5/13-202. The incident at issue in Plaintiff's complaint occurred on April 20, 2020. ECF No. 14. As of the date of filing of this motion, April 21, 2023, more than two years have passed, making Plaintiff's claims barred by law. Additionally, plaintiff

cannot contend that the John Doe Defendants were not named due to a 'mistake,' as the "definition of 'mistake' under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario." *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). Naming a John Doe Defendant is a "intentional and informed decision [which] cannot amount to mistake." *Id.* Here, Plaintiff did not name the John Doe Defendants prior to the expiration of the statute of limitations. Thus, the John Doe Defendants should be dismissed for this reason.

## II.   Defendant Cook County Should be Dismissed from Counts III – V Because the Claims are Duplicative Against Cook County and the Sheriff is Not an Agent of the County

Counts III, IV and V against Cook County should be dismissed as duplicative claims against Cook County and because Sheriff Dart is not an agent of Cook County. Plaintiff's claims are duplicative as brought against both Defendants; he cannot proceed against both Sheriff Dart and Cook County. *Moy v. County of Cook*, 640 N.E.2d 926 (Ill. 1994); *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010) ("It is well-settled that duplicative counts in a complaint may be properly dismissed." (internal quotation marks and citation omitted)). Cook County cannot be held vicariously liable for the Sheriff's alleged acts or policies, or the resultant effects therefrom. *Moy*, 640 N.E.2d at 928.

Count III of Plaintiff's Complaint (ECF No. 14 ¶¶ 48-57) presents a *Monell*-styled claim against Sheriff Thomas Dart and Cook County for failure to provide habitable living conditions. *Monell* claims require a Plaintiff to plead that an "official policy is *responsible* for the deprivation of rights" and require very fact specific inquiry into whether a Plaintiff's injuries were caused by the policies and practices complained of with particularity. *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 306 (7th Cir. 2010) (citing *Monell v. Dept. Of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690, 698 (1978)) (emphasis added). The policy must be the moving force

5

behind the violation. *Id.* Under *Moy*, the County cannot be vicariously liable for the Sheriff's acts based on a theory of *respondeat superior* because they are, indeed, not the Sheriff's employer. *Moy*, 640 N.E.2d at 928. The Sheriff is a county officer and is not in an employment relationship with the county. *Id.* The Office of the Sheriff is created by the Illinois Constitution, unlike an employee-employer relationship, created by execution of an employment contract. *Id.* at 930-31.

The Seventh Circuit treats actions brought against individual defendants in their official capacities as suits brought against the government entity itself. *See Walker v. Sheahan*, 526 F.3d 973, 976 (7th Cir. 2008); *see also Jungels v. Pierce,* 825 F.2d 1127, 1129 (7th Cir. 1987) ("the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city. . . . This makes no practical difference; the city is liable for the official actions of its senior policy-making official. . . . But nothing was added by suing the mayor in his official capacity.") (internal citations omitted); *Davis v. Vill. of Hazel Crest*, Case No. 17-cv-3724, 2018 WL 835224, at *6 (N.D. Ill. Feb. 13, 2018) ("The Court agrees that Plaintiff's federal claims against the Individual Defendants in their official capacities are duplicative of his federal claims against the Village."); *Willis v. Bell*, 726 F. Supp. 1118, 1124 (N.D. Ill. 1989) ("adding the official-capacity claim in the present situation 'makes no practical difference,' there is no reason to retain [the Individual Defendants] as ... part[ies] to this action."). Thus, a claim against Sheriff Dart is the same as a claim against the Cook County Sheriff's Office itself. Accordingly, a claim brought against Sheriff Dart and Cook County, where no allegations can be said to describe the County's actual explicit actions and such are almost entirely under the purview of the County Sheriff, is duplicative and improper as against the County. Yet, Plaintiff's Complaint generally refers collectively to the municipal Defendants as "Cook County Sheriff Thomas Dart and County of

Cook" or "Sheriff Dart and the County[,]" ECF No. 14 ¶¶ 48-73, implying the claim to be intended as against both concurrently, despite that the County is a duplicative defendant as described.

Plaintiff even notes at one point that "the Cook County Jail, Sheriff Dart, and the Cook County Sheriff's Office, *and by extension the County of Cook*, were aware of the need to implement policies and procedures ensuring inmates left in the 'bullpens' are not overlooked for long periods of time." ECF No. 14 ¶ 52. As stated, neither Sheriff Dart, nor Cook County, operates "as an extension" of the other. The Sheriff is not an agent of the County; therefore, the County cannot be found liable for the acts of the Sheriff with regard to *Monell* liability or otherwise. *Moy*, 640 N.E.2d at 928.

Accordingly, no actual alleged involvement on the part of Cook County has been pled, and no Sheriff Dart is not an agent of the County. Defendant Sheriff Dart is the Sheriff of Cook County and this claim involves Officers of the Sheriff's Office of Cook County, who act under the authority of the Cook County Sheriff alone, therefore Cook County should be dismissed from Count III of Plaintiff's Complaint as duplicative.

Plaintiff's Count IV presents a claim for violation of the Rehabilitation Act against Sheriff Thomas Dart and Cook County. ECF No. 14 ¶¶ 58-66. Similarly, Count V presents a claim against the same Defendants for violation of the Americans with Disabilities Act ("ADA"). The same contentions from above guide the discussion of these claims. Again, Sheriff Dart and the County do not stand in relationship of agency. *Moy*, 640 N.E.2d at 928. The Sheriff is a county officer whose office is created by the Illinois Constitution, as opposed to any sort of agent of the county itself by nature of employment. *Id.* at 930-31. In claims seeking what amounts to municipal liability for the actions of individual officers, such is duplicative as against both Sheriff Dart and Cook

7

County itself. *Id.* Cook County does not control or impact the actions of the officers or the occurrences inside Cook County Jail – this would fall only to the County Sheriff. *Id.*

Count IV refers identically and consistently to both Sheriff Dart and Cook County interchangeably. Plaintiff alleges that "Cook County, the Cook County Jail and the Cook County Sheriff's Office receive federal financial assistance[,]" therefore "[d]efendants Sheriff Dart and the County of Cook are subject to the Rehabilitation Act as entities of local government that receive federal financial assistance." ECF No. 14 ¶¶ 61-62. He further asserts in this regard that by failing to provide Plaintiff with the reasonable accommodation of "a wheelchair accessible 'bullpen,' including wheelchair accessible toilets and beds, Defendants Sheriff Dart and the County of Cook discriminated" against Plaintiff. *Id.* at ¶ 64. Without further detailed pleading alleging the exact role that Cook County may have played in the alleged discrimination or deprivation of rights, Defendants have no basis on which to conclude liability is sought against Cook County beyond basic *respondeat superior* principles. As argued, such principles are unable to be applied as to the Cook County Sheriff in relation to the County, as no agency relationship exists. *Moy*, 640 N.E.2d at 930-31. Accordingly, Cook County should be dismissed from Count IV.

In Count V, Plaintiff argues similarly that "[b]y failing to provide [Plaintiff] with the reasonable accommodation of a wheelchair accessible 'bullpen,' ... Defendants Sheriff Dart and the County of Cook discriminated against [Plaintiff] in violation of the ADA." ECF No. 14 ¶ 71. Once again, Plaintiff asserts that that consequences of the actions of those exclusively in the control of the Sheriff's Office are the responsibility of Cook County. This is not the case. The Cook County Sheriff's Office and Sheriff Dart are involved with the operation of Cook County Jail, not Cook County. *See Reyes v. Dart*, Case No. 17 C 9223, 2019 WL 1897096, at *1-2 (N.D. Ill. Apr. 29, 2019). The Cook County Sheriff's Office operates the Cook County Department of Corrections,

which in turn operates the Cook County Jail. *Id.* Cook County does not control the actions of the Cook County Sheriff, nor is the Sheriff an agent of the County. *Id.* The County cannot be duplicatively liable under a misled theory of *respondeat superior* for the actions of the County Sheriff or his officers. As such, here too, Cook County should be dismissed from Count V.

### III. Defendant Sheriff Thomas Dart Should be Dismissed From Count III Because Plaintiff Fails to Plead a Widespread Practice under *Monell*, or Any Actual Allegations of Personal Involvement

Plaintiff's failure to allege a widespread practice as required under *Monell* likewise necessitates dismissal of Sheriff Dart from Count III. Additionally, the complaint is bereft of allegations of the personal involvement of Sheriff Dart.

*Monell* claims require a Plaintiff to plead that an official policy or widespread practice "is *responsible* for the deprivation of rights" and require a fact specific inquiry into whether a plaintiff's injuries were caused by the policies and practices complained of with particularity. *Thomas*, 604 F.3d at 306 (citing *Monell*, 436 U.S. at 690, 698) (emphasis added). The policy or practice must be the moving force behind the violation. *Id.* As against Sheriff Dart in what is presumed to be his official capacity due to his lack of actual personal involvement in any other capacity – this being synonymous with the Cook County Sheriff's Office (*Walker*, 526 F.3d at 976; *Jungels*, 825 F.2d at 1129) – Plaintiff's *Monell* claim fails as a result of the practice alleged not being widespread. Additionally, there are no allegations that Sheriff Dart, in his individual capacity, took any actions or caused any injury or deprivation. The same is true with regard to his official capacity, in that no allegations were pled that he personally promulgated or had any role in the promulgation of policies or customs which resulted in the injury or deprivation alleged by Plaintiff. ECF No. 14. *Thomas*, 604 F.3d at 306. For these reasons, Sheriff Dart should be dismissed from Count III of Plaintiff's Complaint.

Official Capacity suits only stand where an alleged deprivation is the result of (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). Plaintiff has not pled any express policy, nor has he made any express allegation that Sheriff Dart or his officers caused a constitutional injury, leaving himself only with the option of alleging a widespread policy. The circumstances of a single incident of alleged unconstitutional conduct does not amount to existence of a widespread practice. *City of Oklahoma v Tuttle*, 471 U.S. 808, 822-23 (1985). Indeed, even *three* isolated instances may be too few to show the existence of a widespread custom. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002). Accordingly, this Court should find that the single instance of allegedly unconstitutional conduct pled here likewise fails to show the existence of a widespread custom, necessitating Sheriff Dart's dismissal from Count III.

Here, the complaint merely alleges that the circumstance of this single event constitutes a policy or practice that fails to adequately address mental health emergencies. ECF No. 14 ¶¶ 48-57. This does not state a plausible claim or reflect a policy or practice that is a moving force behind a violation. While there is no bright line defining a "widespread custom or practice," a single allegation of unconstitutional conduct does not show that a policy, practice, or custom, exists. *City of Oklahoma v Tuttle*, 471 U.S. 808, 822-23 (1985); *see also Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002) (holding that even three isolated incidents were too few to indicate that a municipality had a widespread custom of which policymakers had reason to be aware). A single instance of Plaintiff being left longer than he would have liked in a holding cell does not equate to

10

implementation of a widespread custom or policy. Accordingly, no policy or custom under *Monell* was properly pled as evidenced from this single incident.

Further, in addition to and despite not showing the handling of this singular incident to be a policy or custom, Plaintiff makes no allegations that Sheriff Dart himself had any part in the implementation or execution of the same, nor that the alleged deprivation was the express result of such. No actions in Plaintiff's Complaint are attributable to Sheriff Dart in his individual capacity. Sheriff Dart is not alleged to have had any personal involvement in the injury or deprivation alleged, nor in the promulgation of any policies or practices directly resulting in the occurrence of the injury or deprivation at hand. ECF No. 14. Individual liability necessitates a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Additionally, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). No actions here are attributable to Dart, and the actions of his officers are not attributable to him, therefore in his individual capacity he must be dismissed.

Plaintiff has failed to show the existence of any widespread practice or custom perpetuated by Sheriff Dart or his officers that directly resulted in the deprivation alleged. He has additionally failed to show that Sheriff Dart personally participated in the occurrence of any alleged injury or deprivation, or in the promulgation of policies and customs which resulted in the injury or

deprivation alleged by Plaintiff. Therefore, Plaintiff has not pled a prima facie argument for *Monell* liability, and Defendant Sheriff Dart should accordingly be dismissed from Count III.

## CONCLUSION

For all the foregoing reasons, it is appropriate that this Court grant Defendants' Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Defendants' Motion to Dismiss is granted;

2. Unknown Cook County Correctional Officer Defendants are dismissed;

3. Defendant Cook County is Dismissed from Counts III – V because the claims are Duplicative Against Cook County and the Sheriff is Not an Agent of the County

4. Defendant Sheriff Thomas Dart is Dismissed from Count III Because Plaintiff Fails to Plead a Widespread Practice under *Monell,* or Any Actual Allegations of Personal Involvement;

5. and for any other such relief as this court deems reasonable and just.

                                                Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that **Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 4(m), 12(b)(6)** was filed on April 21, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

                                                 */s/ Zachary Stillman*