**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:22-cv-01442 |
| ) | |
| COUNTY OF COOK, COOK COUNTY ) | Honorable Sara L. Ellis |
| SHERIFF THOMAS DART, UNKNOWN ) | |
| COOK COUNTY CORRECTIONAL ) | JURY DEMANDED |
| OFFICERS, ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Plaintiff, JONATHAN LACY ("Plaintiff), by and through one of his attorneys of record, RONALD S. COPE, and for his Response to Defendants Rule 12(b)(6) Motion to Dismiss, states as follows:

## I.  INTRODUCTION

Plaintiff has brought five total counts against unknown officers, Cook County ("the County"), and Sheriff Dart. Counts I and II are against the unknown officers for use of excessive force and failure to provide a habitable living condition in violation of Plaintiff's 4th and 14th Amendment rights. Counts III is a *Monell* claim against the County and Sheriff Dart for impermissibly maintaining a policy and practice that directly resulted in the violation of Plaintiff's 14th Amendment rights. Similarly, Counts IV and V are claims against the County and Sheriff Dart for violations of the Rehabilitation Act and Americans with Disabilities Act.

The unknown defendants have not yet been served in this case. However, the County and Sheriff Dart (hereinafter "Defendants," unless otherwise referred to individually) have moved to

dismiss Counts I and II pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(6) for failure to effectuate service in 120 days and failure to name the unknown defendants within the applicable statute of limitations period. Defendants have also moved to dismiss the County from Counts III through V, alleging that the claims against the County are duplicative and that Sheriff Dart is not an agent of the County. Finally, Defendants have moved to Dismiss Count III in its entirety, alleging that Plaintiff has failed to meet the notice pleading standard for a *Monell* claim. Defendants have not moved to dismiss Sheriff Dart from Count IV and V.

For the reasons set forth herein, Defendants' Motion to Dismiss should be denied, or, in the alternative, Plaintiff should be granted leave to amend his complaint. First, Defendants Cook County and Sherriff Dart do not have standing to file a motion to dismiss the claims against the Unknown Correctional Officers. *See Townsend v. Wilson,* No. 1:13-cv-315, 2014 WL 939439, at *2 (N.D. Ind. Mar. 11, 2014) (holding that affirmative defenses raised on behalf of parties who have not yet joined the proceedings are premature). Additionally, the doctrine of equitable tolling is applicable in the present case, and pursuant to said doctrine this Court should find the statute of limitations was tolled beginning when Plaintiff filed his grievance report a week after the underlying incident.

Secondly, the County is a proper party to this case because, although Sheriff Dart is an elected official rather than an employee, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer…". *See Carver v. Sheriff of LaSalle Cnty.,* 324 F.3d 947, 948 (7th Cir. 2003). Finally, Count III of Plaintiff's complaint, although admittedly insufficient to affirmatively _prove_ a *Monell* claim for the purposes of summary judgment, is sufficient to provide Defendants notice of the claims against them at the pleadings stage pursuant to the Federal notice requirement. *See White v. City of Chicago*, 829 F.3d 837 (7th Cir. 2016).

## II. STATEMENT OF FACTS

Plaintiff is an inmate currently incarcerated at Pinckneyville Correctional Center. This is the third correctional facility he has been detained in since his arrest in 2020, having also been transferred to Statesville Correctional Facility and having started his incarceration at the Cook County Jail, where the subject incident took place. Plaintiff has brought two separate causes of action against Cook County, Sheriff Dart, and various individual correctional officers related to two separate incidents that occurred during his time at the Cook County Jail. Both causes of action were filed by Plaintiff *pro se* in March of 2022 and are both currently pending before this Court. On April 14, 2022, this Court granted Plaintiff's motion for attorney representation in both causes of action and appointed the undersigned counsel to represent Plaintiff in both cases. Although the causes of action relate to different incidents that occurred within the Cook County Jail, Defendants are represented by the same counsel in both causes of action, as is Plaintiff.

The present case arises from an incident that occurred on April 20, 2020, in a "bullpen" or "cage" of the Division 8 intake area of the third floor of the Cook County Jail. According to the allegations in Plaintiff's complaint, Plaintiff, who is wheelchair bound and paralyzed from the waist down, was violently pushed into the bullpen area, where he was both verbally and physically assaulted. Plaintiff was then abandoned in the "bullpen" without access to a bed, toilet, running water, a change of clothes, or any wheelchair accessible accommodations. As Plaintiff has alleged, he was left in the "bullpen" for over 24-hours, during which he was forced to soil himself with no change of clothes, and sleep on the floor. *See* Plaintiff's First Amended Complaint at Dkt. No. 14.

3

The incident was a direct result of the policies and practices put in place and enforced by Sheriff Dart and the Cook County Sheriff's Office, an agency of the County[1]. According to the County's own website, the Cook County Department of Corrections, a department of the Sheriff's Office, admits approximately 100,000 detainees per year, and has an average daily population of 9,000[2]. Furthermore, the County and Sheriff Dart have faced a litany of prior cases alleging failure to provide proper accommodations for inmates with disabilities, including a lack of wheelchair accessible accommodations.[3] As Plaintiff's First Amended Complaint alleges, the need for policies and practices within the Cook County Jail to ensure that prisoners with disabilities, such as Plaintiff, were properly accommodated during the intake process, and to prevent prisoners from being overlooked or abandoned was clear. Despite this, Sheriff Dart failed to implement any such process.

### III. LEGAL STANDARD

Unlike in Illinois state court, Federal pleadings need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Therefore, to successfully state a cause of action a plaintiffs complaint must merely provide the defendants with "fair notice" of a claim and its basis. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although this standard requires more than unadorned accusations, it does not require detailed factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555.

---

[1] *See* https://www.cookcountyil.gov/agency/sheriff.
[2] *See* https://www.cookcountyil.gov/service/department-corrections#:~:text=The%20Cook%20County%20Department%20of,a%20daily%20population%20of%209%2C000.
[3] *See Borys v. Dart, et. al.,* 15-cv-08972; *Daniel v. Cook County, et. al.*, 11-cv-2030; *Phipps v. Sheriff of Cook County*, 07-cv-3889; *Blossom v. Dart*, 13-cv-09202; *Whisby v. Dart*, 12-cv-8637; *Lawrence v. Dart*, 13-cv-2053; *Evans v. Dart*, 13-cv-4200; *Crockwell v. Dart*, 12-cv-4800, *McKinnie v. Dart*, 13-cv-4800, and *Despenza v. Dart*, 13-cv-2357 – to name a few.

Ultimately, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must only allege facts which, if accepted as true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *See Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (internal quotations omitted). Finally, when opposing a Rule 12(b)(6) motion to dismiss, a plaintiff is permitted to "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 n.2 (7th Cir. 2021).

## IV. ARGUMENT

### A. The arguments raised by defendants Sheriff Dart and Cook County regarding the Rule 4(m) and Statute of Limitations issues are improper and premature.

The issue of whether a plaintiff has satisfied the statute of limitations is an affirmative defense and generally cannot be resolved on a motion to dismiss unless the complaint itself alleges facts sufficient to establish that the suit is indeed barred by the statute of limitations. *See Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F. 3d 489, 492 (7th Cir. 2017) (internal quotations omitted). Ordinarily, affirmative defenses are left to individual defendants to raise, or waive. *See Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016). The Seventh Circuit has permitted courts to raise an affirmative defense on behalf of a defendant *sua sponte* "only if 'the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous.'." *Id.* (*Quoting Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Here, Sheriff Dart and the County attempt to push this Court's limited *sua sponte* power surrounding affirmative defenses even further by raising the issue of timeliness themselves on behalf of the unknown defendants, who have not yet been served or appeared in this case. The facts are similar to *Townsend v. Wilson*, in which defendant-officers attempted to raise affirmative

defenses on behalf of the defendant-city related to the plaintiff's failure to comply with an Indiana state notice requirement. *See Townsend v. Wilson,* No. 1:13-cv-315, 2014 WL 939439, at *2 (N.D. Ind. Mar. 11, 2014). The *Townsend* court observed that the defendant-city had not even been served, and opined that "should [the city] decide to assert an affirmative defense of failure to comply with [the notice requirement] in a responsive pleading to the plaintiff's complaint, they [are entitled to do so]." *Id*. The court concluded that until the city chooses to raise the defense, the individual-officer's arguments regarding the notice requirement was premature. *Id.*

The same can be said about the present case. The unknown defendants, if identified and served, may choose to raise a statute of limitations defense on their own. However neither the County nor Sheriff Dart are permitted to raise such a defense on behalf of the unnamed defendants. Furthermore, even if appropriately raised at this juncture, the doctrine of equitable tolling is applicable to the present case. Generally, the equitable tolling of the statute of limitations is appropriate, when a plaintiff has "been unable, despite all reasonable diligence, to learn ... the wrongdoer's identity." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 562 (7th Cir. 1996). Factors that may justify equitable tolling include situations where "a claimant has received inadequate notice; a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; [or] the court has led the plaintiff to believe that she had done everything required of her." *Id*. In *Donald*, the court applied the doctrine of equitable tolling to an unrepresented and incarcerated plaintiff, who was unable to discover the identities of the officers without discovery or court-ordered disclosure of their identities. *Id*.

In the present case, Plaintiff filed grievance forms with the Cook County Sheriff's Office within a week of the incident. *See* Plaintiff's Original Complaint at Dkt. No. 1 at 7-11. However, Plaintiff never received an official resolution of his claim. Instead, Lacy was given an "immediate

6

notice" that his case had been forwarded to the Office of Professional Review and Divisional Superintendent for "review and/or investigation." *See* Dkt. No. 1 at 10. The Office of Professional Review later sent a letter on July 29, 2020, simply stating that the Office had completed its review and that "[d]ue to confidentiality issues, [it is] not at liberty to provide the findings of any investigation <u>or the names of the Cook County Sheriff's Office employee(s)</u> involved in the investigation." Dkt. No. 1 at 11. Furthermore, the original "immediate notice" instructed Plaintiff to appeal within 15-days to fully exhaust his administrative remedies. Plaintiff did so in writing, but again received no response or information regarding the outcome of his appeal. Dkt. No. 1 at 9. In fact, to date Plaintiff has not received notice as to whether his administrative appeal has been resolved.

During the time period between the incident on April 20, 2020, and when the lawsuit was initially filed on March 18, 2022, Plaintiff was diligent in pursuing his administrative remedies. The confusion surrounding the status of Plaintiff's administrative appeal was only further compounded by the response from the Sheriff's Office of Professional Review related to his underlying grievance, in which the Office refused to identify the officers involved. Plaintiff handled the administrative process to the best of his abilities as an incarcerated, *pro se* litigant. Further complicating the process, Plaintiff has been transferred to two different prisons since he was detained in the Cook County Jail, making it more difficult to retain documents related to, and to follow up on his grievance complaint and appeal. Despite these difficulties, Plaintiff promptly filed the lawsuit before the initial two-year window expired so as to preserve his claims, even though his administrative appeal may still be ongoing. As such, equitable tolling should apply to the period between the filing of the grievance on April 27, 2020, to date, as he has still not received information about the outcome of his appeal. *See* Dkt. No. 5. *See Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001) (holding that because prisoners are required to first exhaust their administrative remedies

pursuant to the Prison Litigation Reform Act, the statute of limitations is tolled while the prisoner completes the administrative grievance process).

### B. Defendant Cook County is a proper party to this suit.

Defendants' second argument is that Cook County should be dismissed from this suit because it is duplicative and because Sheriff Dart is not an agent of the county. The County primarily contends that it cannot be vicariously liable for the Sheriff's acts under *respondeat superior* because it is not the Sheriff's employer, but rather the Sheriff is an elected official. *See* Dkt. 36 at 6. While this is true, the County is still a necessary party to this case, as it is responsible for indemnifying the Sheriff for any liability he incurs in his official capacity. *See Carver v. LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (holding that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer" and, thus, a county is "an indispensable party to the litigation."). Here, the County remains an indispensable party to this litigation as long as Plaintiff's claims remain pending against Sheriff Dart.

### C. Plaintiff has sufficiently plead enough facts to put Defendants on notice of the claims against them and to plausibly argue his right to relief.

Defendants' final argument is that Count III should be dismissed in its entirety because Plaintiff has not plead adequate facts to satisfy the Federal notice pleading standard. Defendants allege that not only has Plaintiff failed to identify a widespread custom or practice, but Plaintiff has also failed to allege that Sheriff Dart himself played any role in the execution or implementation of any alleged policy or practice. Both arguments improperly seek to elevate the notice-pleading standard to a more burdensome fact-pleading standard.

A federal *Monell* claim is not subject to a heightened pleading standard. *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). Like all other Federal claims, a plaintiff must only plead a "plausible claim" that shows the plaintiff is entitled to relief. *Id.* In *White*, the Seventh Circuit held that the plaintiff's individual claim, together with the standard printed form that did

8

not require specific factual support for an arrest warrant to be issued, was enough to establish a widespread practice within the Chicago Police Department. *Id.* at 844 (dismissing the *Monell* claim on other grounds, but holding that the district court erred in finding plaintiff had insufficient plead a policy and practice). Generally, since *White*, courts have "scotched motions to dismiss premised on arguments that the complaint does not contain allegations beyond those relating to plaintiff." *Williams v. City of Chicago*, 315 F.Supp 3d 1060 (N.D. Ill. 2018) (interpreting *White*) (internal quotations and citations omitted). Instead, "[c]ourt[s] look[] to the instances of misconduct alleged, the circumstances surrounding the alleged constitutional injury, and additional facts probative of a widespread practice or custom." *Id.* at 1079 (internal citations omitted).

    Here, Plaintiff has alleged that his abandonment in the "bullpen" at the Cook County Jail was a result of the Sheriff's failure to implement a policy to ensure that such incidents do not occur. *See* Dkt. No. 14 at ¶ 49. As the policy maker for the Cook County Sheriff's Office, this failure falls directly on Sheriff Dart. *See King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir 2012) (holding that a third-parties policy "becomes that of the County if the County delegates final decision-making authority to it."). Plaintiff has further alleged that Sheriff Dart was aware of the high number of detainees that enter the Cook County jail, and the need for policies and procedures to ensure those with disabilities are accommodated. *See* Dkt. No. 14 at ¶ 52. This knowledge is evidenced by statistics on the County's own website, and dozens of previous lawsuits brought by detainees with disabilities for failure to provide proper accommodations. Plaintiff also references a temporary restraining order ("TRO") that was put in effect just weeks before the incident occurred banning use of the "bullpen" intake areas due to Covid-19. *See* Dkt. No. 14 at ¶ 50. Sheriff Dart had notice that the County needed to urgently adopt new procedures in light of the TRO, and failed to do so.

The ultimate question courts ask to determine whether a plaintiff has sufficiently plead a widespread policy or practice is whether "there is a policy at issue rather than a random event." *Hill v. Cook County*, 463 F. Supp. 3d 820, 841 (N.D. Ill. 2020). In the present case, when taking as true the well plead facts of Plaintiff's First Amended Complaint, Plaintiff has sufficiently shown that his abandonment in the "bullpen" area was a result of the lack of policy and procedures in place to prevent this kind of incident and to adequately protect inmates with disabilities. Although it is true that Plaintiff will have to elicit evidence that significantly expands upon the allegations in his Complaint in order to ultimately prove his claim, at this stage he has adequately raised enough facts to put the County and Sheriff Dart on notice of the *Monell* claim against them.

## V. CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff, JONATHAN LACY, prays that this Court deny Defendants' Rule 12(b)(6) Motion to Dismiss in its entirety, or, in the alternative grant Plaintiff leave to file a Second Amended Complaint.

                    Respectfully submitted,

                    JONATHAN LACY

                    By: /s/ Ronald S. Cope
                        One of His Attorneys

Ronald S. Cope, ARDC# 0515256
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
rcope@schainbanks.com