**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1: 22-cv-01442 |
| | ) | |
| vs. | ) | Hon. Sara L. Ellis |
| | ) | |
| COUNTY OF COOK, COOK COUNTY SHERIFF | ) | |
| THOMAS DART, and UNKNOWN COOK COUNTY | ) | |
| CORRECTIONAL OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**
**PURSAUANT TO FED. R. CIV. P. 4(m), 12(b)(6)**

NOW COME Defendants COOK COUNTY, a Body Politic and Corporate (Incorrectly

named as County of Cook), COOK COUNTY SHERIFF THOMAS DART, and UNKNOWN

COOK COUNTY CORRECTIONAL OFFICERS, by and through their attorneys, Jason E.

DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Reply in Support of

Their Motion to Dismiss for Failure to State a Claim, state as follows:

**INTRODUCTION**

Plaintiff's Response concedes the validity of Defendants' Fed. R. Civ. P. 4(m) and Statute

of Limitations arguments. Plaintiff filed to conform to the requirements of FRCP 4(m) by serving

the unknown defendants within 120 days after the filing of a complaint. Plaintiff's failure warrants

dismissal.

Rather than make any attempt at denying such, Plaintiff instead asserts that Defendants

Sheriff Dart and Cook County are improperly attempting to invoke affirmative defenses on behalf

of Defendants who have not yet appeared, as well as that equitable tolling applies to negate the

limitations periods on the basis of the non-completion of the administrative appeal of his grievance,

despite that his first complaint had a fully appealed copy of the grievance in question attached thereto. ECF No. 38 pp. 5-8.

Plaintiff further concedes that the claims as against Cook County and Cook County Sheriff Thomas Dart are duplicative, and that Cook County is not liable for the Sheriff's acts. Thu, the only potential claim against the County is as indemnitor. Yet, a claim against the County as indemnitor has not been properly pled.

Plaintiff's Response confuses the governing case law for *Monell* claims and incorrectly suggests that this matter is akin to a case involving *express policies and rules*, which are viewed through an entirely different lens.

A single incident may be used in relation to *express policies and rules*, but Plaintiff here must establish a "widespread practice."

## ARGUMENT

### I.      Plaintiff's Claims are Barred Pursuant to Rule 4(m) and the Statute of Limitations

Plaintiff's failure to timely serve unknown defendants within 120 days after the filing of his complaint, pursuant to Fed. R. Civ. P. 4(m), warrants dismissal.  A court may rule on a motion or act on its own motion or on its own initiative and "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time[.]" This applies to unknown defendants in the same manner. Plaintiff offers no good response to Defendants' argument favoring dismissal of all unknown defendants.

Second, the statute of limitations defense should be addressed at this stage because the allegations of the complaint establish that the limitations period applies. Statute of limitations defenses may be resolved on motions to dismiss "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" under 12(b)(6). *Jimenez v. Illinois*, No. 11-cv-4707, 2012 WL 174772, at

*5 (N.D. Ill. Jan. 18, 2012) (quoting *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011));  *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2012),

Citing an inapplicable Indiana case, Plaintiff baselessly contends that "[Defendants] attempt to push this Court's limited *sua sponte* power surrounding affirmative defenses ... by raising the issue of timeliness of behalf of unknown defendants, ... not yet served or appeared in this case." ECF No. 38 p. 5. The Indiana case upon which Plaintiff involved an entirely different fact pattern and related to an *Indiana* case where an individual officer defendant asserted a *municipal defense* under the Indiana Tort Claims Act. *Townsend v. Wilson*, 1:13-CV-315, 2014 WL 939439, at *2 (N.D. Ind. Mar. 11, 2014). There, the Court reasoned that the defense was unavailable to the officer on behalf of the municipality because the municipality had not yet been served. The *Townsend* case was far afield from here, which does not involve an individual defendant taking a position on behalf of a municipality. Hence, Plaintiff's argument is baseless.

Here, the municipal defendants are the parties asserting the defense, and the unserved, unknown defendants are identified in Plaintiff's complaint as employees of the Cook County Sheriff's Office in some capacity. Additionally, this matter does not involve a municipal defense pursuant to a state tort immunity act, but rather statutory deadlines set forth in Federal Rule of Civil Procedure 4(m), and 735 ILCS 5/13-202. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citing *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)).

This matter is more aligned with *Jimenz v. Illinois*, 2012 WL 174772, wherein plaintiff's § 1983 claim was brought after expiration of the applicable statute of limitations, and the court rightfully dismissed the case after argument for same in defendants' Motion to Dismiss. *Id.* at *1-6. Here, the statutorily imposed deadlines apply, and the limited 120-day period under Rule 4(m)

has expired. *Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1049 (N.D. Ill. 2008); *See also* ECF No. 36 pp. 3-5.

Even if Plaintiff were allowed an extended service period, he can no longer name additional parties because the statute of limitations for § 1983 claims has also expired. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Naming John Doe Defendants cannot be claimed as a mistake, and identification of such parties does not relate back to filing of the complaint. *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). Accordingly, Plaintiff's claims against the Unknown Defendants should rightfully be dismissed.

Incredibly, Plaintiff also alleges, in the alternative, that equitable tolling applies to his claim for "the period between the filing of the grievance on April 27, 2020, to date, as he has still not received information about the outcome of his appeal." ECF No. 38 p. 7. Plaintiff cites to *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001), wherein plaintiff detainee's grievance was alleged to have been *destroyed* by an officer prior to being filed, therefore their claim was equitably tolled from that time until time of filing as the administrative process had not ever been completed. *Id.*

Here, the circumstances are completely different. Plaintiff's position is belied by his own filing. In fact, Plaintiff's own court filing shows that his April 27, 2020, grievance was fully appealed and addressed by May 28, 2020. Plaintiff appended the fully appealed and responded to April 27, 2020, grievance, with his initiating complaint. ECF No. 1 p. 9. Plaintiff's claim is false that "*he has still not received information about the outcome of his appeal*[,]". Presumably, Plaintiff erred when making this statement. Otherwise, it would constitute an intentional misrepresentation to this Court.

4

Plaintiff may not have *liked* the result of his appeal, but this is far afield from the appeal not taking place. Here, the grievance was fully appealed and addressed by May 28, 2020.

Accordingly, Plaintiff's claims against Unknown Cook County Correctional Officers are barred by Rule 4(m) and the claims should be dismissed in conjunction with the applicable statute of limitations.

**II.      Plaintiff Failed to Properly Plead an Indemnity Count Against the County**

Plaintiff admits in his Response that Cook County cannot be vicariously liable for the acts of the Sheriff. ECF No. 38 p. 8. Despite this, Plaintiff also adds, the County is a necessary party to this case pursuant to its responsibility to indemnify the Sheriff for any liability incurred in his official capacity. *See Carver v. LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) (holding that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer" and, thus, a county is "an indispensable party to the litigation."). Defendants agree that Cook County may be a necessary party, as an indemnitor, in cases when properly pled, but this has not been done here.

Notably, Counts III through V of Plaintiff's complaint attempt to alleged claims against both Cook County and Sheriff Dart. Yet, the purported actions at issue relate only to Sheriff Dart and his officers, not Cook County.

Cook County should not be named as a defendant in any way, other than as an indemnitee, and the complaint must appropriately do so as well. Plaintiff's complaint is bereft of allegations that reflect that Cook County's inclusion is limited to status as a potential indemnifying party. Instead, allegations against the County are interspersed with allegations against Sheriff Dart for *Monell* and other claims. It would be appropriate for Plaintiff to include a separate Count against the County if it wishes to do so. *See Jones. v. Cook Cnty., Ill.*, No. 13-cv–2651, 2014 WL 5275903,

at *2-3 (N.D. Ill. Oct. 15, 2014) (all claims against Cook County dismissed other than count sounding in indemnity).

A similar fact pattern was addressed by the Court in *Jones. v. Cook County.* Plaintiff inappropriately grouped claims against Sheriff Dart and the County with an absence of actual "fact[s] alleging that Cook County maintained a common policy, custom, or practice." *Id.* The Court granted dismissal of Cook County from all claims except those relating to indemnity. *Id.* Importantly, unlike here, the *Jones* plaintiff included an indemnity Count against Cook County in their complaint. *Id.* at *1.

Plaintiff's assertion of Defendant Cook County's alleged role as an indemnifying party "was not alleged in the [Complaint][,]" therefore, it "is irrelevant at this stage" and the County "must be dismissed." *Id.* at *3. Plaintiff must appropriately categorize the claim against Cook County for the purposes of indemnity.

Moreover, Plaintiff has waived argument by his failure to respond to Defendants' argument regarding the duplicative nature of claims against County and Dart. "Failure to respond to an argument ... results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). *See also United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge[.]"); *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002) ("Yet, given another opportunity to address the effect of Trial Rule 4.4 in his reply brief, Mr. Williams again ignored the issue and, indeed, failed to respond to REP International's waiver argument. Under these circumstances, we must hold that Mr. Williams has waived any argument that Trial Rule 4.4 would permit the exercise of personal jurisdiction over REP International."); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given

plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted).

Accordingly, Cook County should be dismissed from Counts III, IV, and V of Plaintiff's Complaint.

### III. Plaintiff's *Monell* Argument Liability Against Sheriff Dart Relies on inapplicable Case Law to Sufficiently Plead Facts Establishing a Policy or Practice

Plaintiff 's confused argument in response to Defendants' Motion to Dismiss suggests that Defendant Sheriff Dart's handling of his incident was a result of a *failure* to implement policy. ECF No. 38 p. 9. Plaintiff then mixes the concepts of *failure* to implement policy and *implementation* of policy while citing to *Monell* case law regarding municipal adoption of third-party policies. *Id.*; *see King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012) (finding municipality liable for *express policy* of private company where delegated "final decision-making authority"). These concepts are not interchangeable.

Plaintiff acknowledges that the ultimate question courts ask in making the determination of whether a plaintiff "has sufficiently plead a widespread policy or practice" is whether "there is a policy at issue rather than a random event." ECF No. 38 p. 10 (citing *Hill v. Cook County*, 463 F. Supp. 3d 820, 841 (N.D. Ill. 2020)). Like here, the *Hill* court dealt with municipal liability in the context of a widespread practice. *Id. Yet,* unlike Plaintiff here, the plaintiff in *Hill* supported his allegations of a widespread practice or unofficial policy with citation to several (four) other incidents showing similar misconduct. *Id.* at 842. Conversely, Plaintiff's complaint references a single event.

Again, Plaintiff cites a factually dissimilar case entitled *White v. City of Chi.*, 829 F.3d 837, 844 (7th Cir. 2016), to support his contention that he has pled a plausible claim. ECF No. 38 pp. 8-9. Yet, *White* involved allegations of direct engagement in a scheme involving improper conduct by the government entity. *White*, 829 F.3d at 844. ("[plaintiff] not required to identify every other or even one other individual who had been arrested pursuant to ... complained-of process."). Such allegations do not exist here.

"[W]here ... the complaint charges the municipality or other governmental entity with having engaged in improper conduct directly, ... then the drawing of an inference from a series of bad acts by subordinate officers is not required; the method of proof is completely different; and the complaint is adequate to state a claim against the governmental entity." *Jackson v. Marion Cnty.*, 66 F.3d 151, 152-53 (7th Cir. 1995) (finding a single instance of conduct sufficient where a "cover up" was alleged and uncontested by defendants in any capacity, "ma[king] the county complicit with the officers"). Plaintiff's bare allegations regarding a single incident are insufficient to support a *Monell* claim.

No allegations of misconduct are attributable to the County, and there is no indication that there was a cover up, as in the *White* case. Accordingly, Plaintiff cannot sustain a *Monell* claims with a single incident.

Established case law reflects that "single act[s] of misconduct will not suffice; for it is the series that lays the premise of the system of inference." *Id.* at 153 (citing *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326-27 (7th Cir. 1993)). Plaintiff alleged a single incident, coupled with leaps of logic in an attempt to infer a policy in light of one event. This argument is not supported by 7th Circuit case law, including case law cited by Plaintiff.

8

Plaintiff's failure to show the existence or lack of existence of any policy, or a widespread practice or custom perpetuated by Sheriff Dart or his officers, renders his complaint woefully deficient. Additionally, Plaintiff failed to show that Sheriff Dart personally participated in the occurrence of any alleged injury or deprivation, or in the promulgation of policies and customs which resulted in the injury or deprivation alleged by Plaintiff. Therefore, Plaintiff has not pled a prima facie argument for *Monell* liability, and Defendant Sheriff Dart should be dismissed from Count III.

## CONCLUSION

For all the foregoing reasons, it is appropriate that this Court grant Defendants' Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Defendants' Motion to Dismiss is granted;

2. Unknown Cook County Correctional Officer Defendants are dismissed;

3. Defendant Cook County is Dismissed from Counts III – V because the claims are Duplicative Against Cook County and the Sheriff is Not an Agent of the County

4. Defendant Sheriff Thomas Dart is Dismissed from Count III Because Plaintiff Fails to Plead a Widespread Practice under *Monell,* or Any Actual Allegations of Personal Involvement; and

5. Any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By: /s/ Jason E. DeVore
   Jason E. DeVore, One of the Attorneys for Defendants

DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)

Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Reply in Support of Motion to Dismiss** was filed on June 30, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*

10