**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNATHAN LACY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 22 C 1442 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| COOK COUNTY, COOK COUNTY | ) | |
| SHERIFF THOMAS DART, UNKNOWN | ) | |
| COOK COUNTY CORRECTIONAL | ) | |
| OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Based on his pretrial treatment at the Cook County Jail, Plaintiff Johnathan Lacy

("Lacy") brings this suit against Cook County, Cook County Sheriff Thomas Dart ("Sheriff

Dart"), and Unknown Cook County Correctional Officers ("Unknown Officers"). Lacy claims

that the Unknown Officers failed to provide him with habitable living conditions and used

excessive force against him. He also claims that Cook County and Sheriff Dart failed to provide

habitable living conditions under 42 U.S.C. § 1983, and violated both Section 504 of the

Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12132. Defendants have moved to dismiss all but the Rehabilitation Act

and ADA claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Because the Unknown Officers remain unserved, the Court must either dismiss the case

without prejudice or order service within a specific time. Fed. R. Civ. P. 4(m). Accordingly, the

Court orders Lacy to serve the Unknown Officers within thirty days of this Order. If Lacy fails

---

[1] Although Lacy has not yet served the amended complaint on the Unknown Officers and counsel has not appeared on their behalf, Cook County and Sheriff Dart have moved, in part, on their behalf.

to do so, the Court will dismiss the Unknown Officers from this case. Additionally, because the Sheriff's Office, not Cook County, has responsibility for the conditions at the Cook County Jail, Lacy cannot proceed against Cook County on any direct claims, although Cook County will remain a party for indemnification purposes only. Finally, because Lacy has not sufficiently alleged a *Monell* claim against Sheriff Dart, the Court dismisses that claim without prejudice.

## BACKGROUND[2]

The Cook County Sheriff's Office operates the Cook County Jail. It employed the Unknown Officers, who worked as Correctional Officers at the Cook County Jail. Lacy arrived at the Cook County Jail as a pretrial detainee on April 20, 2020. That day, the Unknown Officers moved Lacy, who is paralyzed from the waist down and relies on his wheelchair for mobility, from the second-floor arrival area to the third-floor Division 8 intake area known as the "bullpen." Doc. 14 ¶ 17. During the move, Lacy claims that the Unknown Officers made several jokes about his wheelchair. Despite Lacy telling them that the bullpen was not supposed to be in use due to the COVID-19 pandemic, the Unknown Officers allegedly forced Lacy into the bullpen, pushing him violently and slamming him to the floor. The Unknown Officers then beat and punched Lacy, taunted him not to fight back, and left him in the bullpen without a bed, toilet, running water, or wheelchair accommodations for over twenty-four hours. Forced to soil himself and sleep on the floor, Lacy alleges serious physical and emotional trauma.

On March 19, 2022, Lacy filed his initial *pro se* complaint in this case, which named only "unknown staff" as Defendants. Doc. 1 at 2. The Court granted his application to proceed *in forma pauperis* and his motion for attorney representation on April 14, 2022. Doc. 5. With the

---

[2] The Court takes the facts in the background section from Lacy's amended complaint and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

assistance of counsel, Lacy filed the amended complaint on December 20, 2022, naming Cook County, Sheriff Dart, and the Unknown Officers as Defendants.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendants have moved to dismiss on three grounds: (1) Rule 4(m) and the statute of limitations require dismissal of the Unknown Officers, (2) Lacy cannot hold Cook County directly liable on any claim, and (3) Lacy has not sufficiently stated a claim against Sheriff Dart under *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978). The Court addresses these arguments in turn.

## I.    Claims Against the Unknown Officers

Lacy has yet to identify or serve the Unknown Officers in this case. Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  This Rule applies to unknown defendants.  *See Redd v. Dougherty*, 578 F.
Supp. 2d 1042, 1049 (N.D. Ill. 2008) ("Although there is no prohibition on filing suit against
unknown defendants, 'John Doe defendants must be identified and served within 120 days[3] of
the commencement of the action against them.'" (quoting *Aviles v. Vill. of Bedford Park*, 160
F.R.D. 565, 567 (N.D. Ill. 1995)); *Harrell v. Bower Motors, Inc.*, No. 02 C 8252, 2004 WL
1745758, at *2 (N.D. Ill. July 30, 2004) (same).  Rule 4(m) thus requires the Court to either
dismiss the case without prejudice with respect to the Unknown Officers or order service within
a specified time.  *See United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) ("In other
words, if good cause for the delay is shown, the court *must* extend the time for service, while if
good cause is not shown, the court has a choice between dismissing the suit and giving the
plaintiff more time ('direct that service be effected within a specified time')." (quoting
*Henderson v. United States*, 517 U.S. 654, 663 n.10 (1996))).

Here, Lacy filed his amended complaint on December 20, 2022, well over ninety days
ago.  As of the date of this order, Lacy has not identified the Unknown Officers or served the
amended complaint on them.  Although Lacy has not provided a reason for why the Unknown
Officers remain unidentified and unserved, the Court exercises its discretion to extend the time
for service instead of dismissing the claims against the Unknown Officers outright.  Lacy should
therefore consider this his notice that if he does not serve the Unknown Officers within thirty

---

[3] "In 2015, Rule 4(m) was amended to reduce the time for service from 120 days to 90 days."  *Ryan v.
City of Chicago*, No. 15 C 9762, 2018 WL 3586232, at *2 n.3 (N.D. Ill. July 26, 2018).

days of this order, the Court will dismiss his complaint with respect to those Defendants, unless he shows good cause as to why he has not served the Unknown Officers within that time.[4]

## II.    Claims Against Cook County

Next, Cook County argues that Lacy cannot pursue any substantive claims against it because under Illinois law, the Sheriff, not Cook County, is responsible for maintaining "custody and care" of the Cook County Jail.  55 Ill. Comp. Stat. 5/3-6017.  Accordingly, "[t]he County is not responsible for policies set by the Sheriff's Office and carried out by its deputies because in Illinois a sheriff is an independently elected county officer, not an employee of the county that he or she serves, and the deputies are employees of the Sheriff's Office." *Bertha v. Hain*, 787 F. App'x 334, 339 (7th Cir. 2019); *see also Albarran v. Dart*, No. 21 C 1024, 2022 WL 1556103, at *3 (N.D. Ill. May 17, 2022) ("Defendants correctly contend that any substantive *Monell* claim against Cook County should be dismissed because Cook County is not the policymaker at the jail (the Sheriff is).").  Thus, because Cook County does not have responsibility for the policies and practices at the Jail, the Court dismisses Lacy's substantive claims against it.

That said, "'a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer . . . [and][b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation.'" *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 636 (7th Cir. 2009) (alterations in original) (quoting *Carver v. LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003)).  Although Lacy has not included a separate indemnification claim

---

[4] Given the issue with service, the Court does not reach Defendants' alternative argument that the statute of limitations has run on any claims against the Unknown Officers.  Lacy does not appear to take issue with the fact that the statute has run or that relation back would not apply to the circumstances in this case, but instead argues that Cook County and Sheriff Dart cannot raise this argument on behalf of other Defendants and that equitable tolling applies.  The Court leaves the question of equitable tolling to a future date, if and when Lacy identifies and properly serves the Unknown Officers and they file appearances in the case.

against Cook County, the amended complaint alleges that Cook County is "responsible for all money damages against the Sheriff's Office and its officers," Doc. 14 ¶ 6, providing Cook County with notice of this basis for remaining as a Defendant in the litigation. *See Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) ("Plaintiffs need only plead facts, not legal theories, in their complaints."). Thus, while the Court dismisses the substantive claims against Cook County, Cook County remains a party to the litigation for indemnification purposes only. *See, e.g.*, *Albarran*, 2022 WL 1556103, at *3.

## III. *Monell* Claim Against Sheriff Dart

Although somewhat vague, the Court understands Lacy to base his *Monell* claim on allegations that Sheriff Dart failed to establish proper policies and procedures to provide detainees with disabilities with proper accommodations.[5] Sheriff Dart argues that the Court should dismiss this *Monell* claim because Lacy has not alleged a widespread practice.[6] "An official capacity claim against a government official amounts to a claim against the entity of which the named defendant is an official—here, the office of the Sheriff." *Cullom v. Dart*, No. 20 C 4034, 2020 WL 7698366, at *3 (N.D. Ill. Dec. 27, 2020) (citing *Klebanowski v. Sheahan*,

---

[5] The amended complaint also includes allegations that Sheriff Dart failed to comply with court orders not to use the bullpen for purposes of social distancing in light of the COVID-19 pandemic. *See Mays v. Dart*, 453 F. Supp. 3d 1074, 1100 (N.D. Ill. 2020) (directing the Sheriff to "enforce, effective on April 11, 2020, social distancing during the new detainee intake process, including suspending the use of bullpens to hold new detainees awaiting intake"). *But see Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (reversing subsequent preliminary injunction that precluded double celling and group housing). The Court does not understand Lacy to argue that his constitutional injury was caused by the continued use of the bullpen in violation of the temporary restraining order, as his constitutional injury does not arise from his contracting COVID-19 but rather from the failure to provide him with appropriate accommodations while housed in the bullpen.

[6] Sheriff Dart also argues that Lacy has not alleged Sheriff Dart's personal involvement in the alleged constitutional violation. But this argument concerns the requirements for an individual capacity claim, which Lacy has made clear that he does not pursue against Sheriff Dart. Doc. 38 at 1 ("Count[ ] III is a *Monell* claim against the County and Sheriff Dart[.]"). Therefore, the Court does not address the personal involvement requirement.

540 F.3d 633, 637 (7th Cir. 2008)). To state a *Monell* claim against Sheriff Dart, Lacy must allege (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted). Finally, "[t]o demonstrate that [Sheriff Dart] is liable for a harmful custom or practice, the plaintiff must show that . . . policymakers were 'deliberately indifferent as to [the] known or obvious consequences.'" *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (third alteration in original) (quoting *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)). To show deliberate indifference, the policymaker must have both "been aware of the risk created by the custom or practice" and "*failed to take appropriate steps* to protect the plaintiff." *Id.* (emphasis added). And "in situations where rules or regulations are required to remedy a potentially dangerous practice, the . . . failure to make a policy is also actionable." *Id.*; *see also Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) ("Inaction, too, can give rise to liability in some instances if it reflects a conscious decision not to take action." (citation omitted) (internal quotation marks omitted)).

Sheriff Dart argues that Lacy has not provided sufficient allegations to suggest a widespread practice of ignoring the needs of disabled detainees, instead improperly relying on one isolated incident. *See Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (a *Monell* claim requires "a *widespread practice* that permeates a critical mass of an institutional body,"

not "individual misconduct"); *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) ("[I]t is necessarily more difficult for a plaintiff to demonstrate an official policy or custom based only on his own experience because what is needed is evidence that there is a true municipal policy at issue, not a random event." (citation omitted) (internal quotation marks omitted)).  To determine whether Lacy has sufficiently alleged a widespread practice, courts sometimes consider allegations of other similar instances of misconduct.  *See Carmona v. City of Chicago*, No. 15-cv-00462, 2018 WL 1468995, at *2 (N.D. Ill. Mar. 26, 2018) (collecting cases); *see also Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (finding "a few sporadic examples of an improper behavior" not enough to suggest *Monell* liability).  But at the pleading stage, Lacy need not "identify every other or even one other individual" whose needs were ignored, as long as other factual allegations buttress his claim of a widespread policy or practice.  *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (plaintiff's allegations of a widespread practice of requesting warrants based on conclusory allegations, "[t]ogether with the individual claim against [the officer] and the standard printed form" that did not require specific factual support, sufficed to state a claim); *Mendez v. City of Chicago*, No. 1:18 C 6313, 2019 WL 4934698, at *3 (N.D. Ill. Oct. 7, 2019) (reference to Department of Justice report on CPD's use of excessive force during foot chases supported *Monell* failure-to-train claim at the pleading stage).

The Court agrees with Sheriff Dart that Lacy's allegations do not "permit the reasonable inference that the practice is so widespread as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).  While Lacy cites to statistics of the number of detainees processed through the Cook County Jail in his response brief, these statistics say nothing about the number of detainees with disabilities or those whom the Cook County Jail failed to properly accommodate.  And while Lacy references a number of other cases in which

plaintiffs have alleged that Sheriff Dart failed to provide them with proper accommodations, without additional information, this laundry list cannot support an inference of a widespread practice. *See Black v. City of Chicago*, No. 18-cv-6518, 2022 WL 425586, at *6 (N.D. Ill. Feb. 11, 2022) ("A defendant cannot get to trial on the *Monell* claim simply by showing that the City of Chicago gets sued a lot."); *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, No. 20 C 0292, 2021 WL 767619, at *11 (N.D. Ill. Feb. 26, 2021) ("The existence of another lawsuit is not enough to state a claim that a defendant maintains a widespread practice."). Finally, Lacy's vague reference to a temporary restraining order related to the Cook County Jail's COVID-19 practices fails to suggest a practice of ignoring the needs of disabled detainees. Instead, all that the Court has before it is Lacy's own experience, suggestive more of a random event than a widespread policy or practice. *See Rossi*, 790 F.3d at 737. Because a random event does not suffice, the Court dismisses Lacy's *Monell* claim against Sheriff Dart.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [36]. The Court dismisses the substantive claims against Cook County with prejudice. Cook County remains in this case solely for indemnification purposes. The Court dismisses the *Monell* claim (Count III) against Sheriff Dart without prejudice. The Court orders Lacy to serve the Unknown Officers within thirty days of this Order. If he does not do so, the Court will dismiss Lacy's claims against the Unknown Officers.

Dated: September 28, 2023

_____
SARA L. ELLIS
United States District Judge