**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-cv-01442 |
| | ) | |
| COOK COUNTY, COOK COUNTY | ) | Honorable Jeffery I. Cummings |
| SHERIFF THOMAS DART, ADIS | ) | |
| SKENDEROVIC, RICHARD PASQUEL, | ) | JURY DEMANDED |
| TIM SPRYSZAK, MARTIN HILL, ELIAS | ) | |
| GUERECA, JOSUE GARCIA, AND | ) | |
| DERMAN TAYLOR. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Plaintiff, JONATHAN LACY ("LACY"), by and through one of his attorneys, Ronald

S. Cope, and complains of Defendants, COOK COUNTY, COOK COUNTY SHERIFF THOMAS

DART, ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL,

ELIAS GUERECA, JOSUE GARCIA, and DERMAN TAYLOR, and states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331, as all

claims asserted herein are brought pursuant to 28 U.S.C. Sec. 1983 and pose federal questions.

2.      Venue is proper under 28 U.S.C. Sec. 1391(b), as all parties reside in this judicial

district, and the events giving rise to the claims asserted herein occurred within this judicial district.

**PARTIES**

3.      Plaintiff LACY is an inmate currently incarcerated in Pinckneyville Correctional

Center located in Pinckneyville, Illinois. LACY's Prisoner Identification Number is 20200420040.

4.      At all relevant times, beginning on or about April 20, 2020, LACY was incarcerated in the Cook County Jail, located in Chicago, Illinois.

5.      The Cook County Sheriff's Office is responsible for overseeing the Cook County Jail and in doing so implements the policies and practices in place within the Cook County Jail, employs staff and leadership within the Cook County Jail, and otherwise controls and is responsible for the operation of the Cook County Jail.

6.      The Cook County Sheriff serves as the Chief Law Enforcement Officer in the County and is the head of the Cook County Sheriff's office, responsible for all departments under the Sheriff Office's purview, including the Department of Corrections and, by extension, the Cook County Jail.

7.      The Cook County Sheriff is an elected position, and Defendant Cook County Sheriff Thomas Dart ("SHERIFF DART") has served as the Cook County Sheriff since his election in 2006.

8.      SHERIFF DART is responsible for all final policies and practices implemented within the Cook County Jail.

9.      The Sheriff's Office is an agency of Cook County, a municipal corporation located within the State of Illinois ("COOK COUNTY"). COOK COUNTY is responsible for all money damages against the Sheriff's Office, its officers, and its elected officials acting within the scope of their official duties, including SHERIFF DART and correctional officers working at the Cook County Jail.

10.     At all relevant times, ADIS SKENDEROVIC, badge number *17350, was employed by the Cook County Sheriff's Office as a Correctional Officer at the Cook County Jail.

11.     At all relevant times, RICHARD PASQUEL, badge number *17552, was employed by the Cook County Sheriff's Office as a Correctional Officer at the Cook County Jail.

12.     At all relevant times, TIM SPRYSZAK, badge number *18151, was employed by the Cook County Sheriff's Office as a Correctional Officer at the Cook County Jail.

13.     At all relevant times, MARTIN HILL, badge number *18166, was employed by the Cook County Sheriff's Office as a Correctional Officer at the Cook County Jail.

14.     At all relevant times, ELIAS GUERECA, badge number *16363, was employed by the Cook County Sheriff's Office as a Correctional Officer at the Cook County Jail.

15.     At all relevant times, JOSUE GARCIA, badge number *3310, was employed by the Cook County Sheriff's Office as a Sergeant at the Cook County Jail.

16.     At all relevant times, DERMAN TAYLORS, badge number *16604, was employed by the Cook County Sheriff's Office as a Correctional Officer at the Cook County Jail.

### COMMON ALLEGATIONS

17.     At all times relevant to this suit, LACY was a pretrial detainee at the Cook County Jail awaiting a final disposition of the charges brought against him.

18.     At all times relevant to this suit, and to this day, LACY is paralyzed and wheelchair bound, and is reliant on his wheelchair for mobility.

19.     At all times relevant to this suit, and to this day, LACY requires wheelchair accessible accommodations including but not limited to toilet access, shower access, and a wheelchair accessible bed.

20.     On or about April 19, 2020, LACY was arrested in Chicago, Illinois.

21.     On April 20, 2020, LACY was brought to the Cook County Jail, where his initial bond hearing was held at 1:30 P.M.

3

22.     When inmates first arrive at the Cook County Jail, they are given an initial medical and mental health screening.

23.     Through this screening, and prior to the events complained of herein, SHERIFF DART, the Cook County Sheriff's office, and its employees, including SKENDEROVIC, PASQUEL, SPRYSZAK, HILL, GARCIA, GUERECA, GARCIA, and TAYLORS, were put on notice of LACY's disability.

24.     At some point following his arrival and bond hearing, on April 20, 2020, LACY was brought to a second-floor arrival area.

25.     On April 20, 2020, at approximately 10:00 P.M., LACY was moved from the second to the third-floor Div-8 intake area, known as the "bullpen," by SPRYSZAK, GARCIA, and PASQUEL.

26.     On information and belief, as of April 20, 2020, the use of these so-called "bullpens" in the Cook County Jail were prohibited pursuant to a temporary restraining order issued by the United States District Court on or about April 9, 2020.

27.     While moving LACY to the third-floor area, SPRYSZAK, GARCIA, and PASQUEL made several jokes regarding LACY's wheelchair.

28.     Upon arrival at the third floor "bullpen" area, LACY was met by SKENDEROVIC, HILL, GUERECA, and TAYLOR, in addition to the escorting officers SPRYSZAK, GARCIA, and PASQUEL (together "Cook County Officers," unless otherwise referred to individually).

29.     Upon arrival at the third floor "bullpen" area, LACY pleaded with the Cook County Officers, begging not to leave him in the "bullpen."

30.     Upon arrival at the third floor "bullpen" area, LACY told the Cook County Officers that the "bullpen" was not supposed to be in use due to the Covid 19 pandemic.

31. Despite LACY's pleas, on April 20, 2020, upon LACY's arrival to the third floor "bullpen" area, the Cook County Officers forced LACY into the "bullpen."

32. In the process of forcing LACY into the "bullpen," TAYLOR and SKENDEROVIC violently pushed LACY's chair through the door as he attempted to grab the doorway.

33. In the process of forcing LACY into the "bullpen," TAYLOR, PASQUEL, and GUERICA, then violently and with great force grabbed LACY's arms, forcing him to release his grip of the doorway.

34. In the process of forcing LACY into the "bullpen," GUERICA and HILL forcibly and violently removed LACY from his chair, while twisting his right arm and applying handcuffs.

35. The Cook County Officers proceeded to beat and punch LACY, taunting him not to fight back.

36. Following the physical altercation, the Cook County Officers left LACY in the third floor "bullpen."

37. The "bullpen" contained no wheelchair accommodations, no toilet, no running water, and no bed.

38. Following the physical altercation on April 20, 2020, the Cook County Officers left LACY in the "bullpen" for over 24 hours.

39. During that 24-hour period, LACY was forced to use the bathroom on himself, as he had no access to any toilet facilities.

40. During that 24-hour period, LACY was forced to sleep on the floor of the "bullpen," as he had no access to a bed or any bedding material.

41.     During that 24-hour period, LACY was not provided a change of clothes, despite being forced to soil himself and otherwise sleep on the floor.

42.     From April 20, 2020, into April 21, 2020, the wheelchair bound LACY was violently beaten and subsequently abandoned in the third-floor "bullpen," resulting in serious physical and emotional trauma.

## Count I – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment
### (Cook County Officers)

43.     LACY hereby reasserts and incorporates Paragraph Nos. 1-42 as though fully set forth herein.

44.     As set forth above, on April 20, 2020, the Cook County Officers abandoned LACY in an enclosed area without access to a bed, toilet, running water, or a change of clothes.

45.     LACY is, and was, wheelchair bound, and lacked access to any wheelchair accessible accommodations.

46.     The Cook County Officers all had prior knowledge of the third-floor, Div 8, "bullpen", and knew inmates left there would not have access to a bed, toilet, or running water.

47.     Furthermore, the Cook County Officers all knew of LACY's wheelchair disability status.

48.     Nevertheless, the Cook County Officers left LACY in the "bullpen" for a period of time in excess of 24-hours.

49.     The Cook County Officers knew of the mental and physical harm that would occur when left without access to a bed, toilet, or running water for longer than 24-hours.

50.     Additionally, the Cook County Officers knew that such harm would be increased in LACY's situation, where his wheelchair disability status made him particularly vulnerable and unable to help himself when abandoned without access to wheelchair accessible accommodations.

51.     Equipped with this knowledge, the Cook County Officers consciously failed to take reasonable measure to provide LACY with access to a bed, toilet, or running water, or otherwise check in on LACY during the 24-hour period.

52.     Thus, the Cook County Officers demonstrated a willful, malicious, and/or reckless indifference to LACY's safety and well-being when he was abandoned in the "bullpen," in violation of LACY's rights under the Fourteenth Amendment to the U.S. Constitution.

53.     As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants, SKENDEROVIC, PASQUEL, SPRYSZAK, HILL, GARCIA, GUERECA, GARCIA, and TAYLORS, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count II – Use of Excessive Force in Violation of the Fourteenth Amendment
(Cook County Officers)

54.     LACY hereby reasserts and incorporates Paragraph Nos. 1-42 as though fully set forth herein.

55.     As LACY pleaded with the Cook County Officers to not be abandoned in the "bullpen," the Cook County Officers violently pushed LACY to the floor and proceeded to beat him.

56.     At that time, the wheelchair-bound LACY was not acting aggressively towards the Cook County Officers, nor were his verbal protests indicative that he may become aggressive, and a reasonable correctional officer in the same position would not have viewed them as such.

57.     The Cook County Officers violently pushed and beat LACY for the purpose of harming LACY and not in a good faith effort to maintain or restore security and order.

58.     As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory and punitive damages against the Defendants, SKENDEROVIC, PASQUEL, SPRYSZAK, HILL, GARCIA, GUERECA, GARCIA, and TAYLORS, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count III – Policy and Practice *Monell* Violation
#### (Sheriff DART)

59.     LACY hereby reasserts and incorporates Paragraph Nos. 1-42 as though fully set forth herein.

60.     SHERIFF DART is responsible for ensuring that detainees are provided adequate housing and accommodations for their medical needs, and that employees of the Cook County Jail and Cook County Sheriff's Officers carry out their required duties of care. As such, SHERIFF DART has policymaking authority over medical care for detainees.

61.     As set forth above, On or about April 20, 2020, LACY required wheelchair accessible accommodations including but not limited to toilet access, shower access, and a wheelchair accessible bed.

62.     On or about April 20, 2020, SHERIFF DART and the Cook County Sheriff's Office failed to implement policies and procedures to ensure that inmates such as LACY were provided adequate accommodations throughout the intake process.

63.     Furthermore, on or about April 20, 2020, SHERIFF DART and the Cook County Sheriff's Office failed to implement policies and procedures to ensure that inmates left in the third-floor, div 8 "bullpen" were not overlooked.

64.     The misconduct described herein was undertaken pursuant to the policy and practice of SHERIFF DART in that:

a.  SHERIFF DART manifested deliberate indifference by maintaining policies and practice that fail to adequately provide detainees within the Cook County Jail with wheelchair and other handicap accessible facilities.

b.  SHERIFF DART manifested deliberate indifference by maintaining policies and practice that fail to provide detainees with disabilities adequate accommodations during the intake process.

c.  SHERIFF DART manifested deliberate indifference by maintaining policies and practices that allow and cause its staff to disregard the needs of disabled detainees by failing to take necessary measures to ensure that inmates are timely provided with appropriate disability accommodations.

d.  SHERIFF DART fails to establish necessary training and policies to prevent detainees with disabilities from being abandoned and overlooked during the intake process.

65.     One or more of these policies and practices were maintained and implemented by SHERIFF DART with deliberate indifference to LACY's constitutional rights and was a moving force behind the violation of those rights.

9

66.     Furthermore, these policies and practices were widespread, and were known, or should have been known, to SHERIFF DART, as Cook County Sheriff.

67.     Particularly, with the high number of people with disabilities that enter the Cook County Jail, SHERIFF DART, was aware of the need for policies and procedures to ensure that inmates with wheelchair disability status had access to wheelchair-accessible accommodations to accomplish fundamental self-care tasks, such as using the toilet or grooming.

68.     Failures by employees of the Cook County Sheriff's office to provide adequate accommodations has been the subject of multiple lawsuits during SHERIFF DART's tenure, including but certainly not limited to *Borys v. Dart, et. al.,* 15-cv-08972; *Phipps v. Sheriff of Cook County*, 07-cv-3889; *Evans v. Dart*, 13-cv-4200; *Crockwell v. Dart*, 12-cv-4880; *Boston v. Dart*, 14-cv-8680; *Lacy, et al. v. Dart*, 14-cv-6259; and *Blossom v. Dart*, 13-cv-09202.

69.     While not dispositive in the present matter, these lawsuits only scratch the surface and demonstrate the extensive history of the inadequate accommodations given to detainees at the Cook County Jail who suffer from disabilities, such as LACY.

70.     SHERIFF DART and the County of Cook have failed to establish adequate procedures addressing any of above issues.

71.     As a direct result of these deficiencies, correctional staff routinely overlook and fail to accommodate detainees with disabilities, including leaving them without access to a bed, toilets, or running water for long periods of time.

72.     As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against the Defendant, COOK COUNTY SHERIFF

THOMAS DART, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

## Count IV – Violation of the Rehabilitation Act
### (DART)

73.     LACY hereby reasserts and incorporates Paragraph Nos. 1-42 as though fully set forth herein.

74.     Section 504 of the Rehabilitation Act ("Section 504") provides that "[]no otherwise qualified individual with a disability in the United States…shall, solely by reason of [his] disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program of activity receiving Federal financial assistance…" 29 U.S.C. § 794.

75.     Section 504 requires covered entities to provide reasonable accommodations to enabled qualified individuals with disabilities to participate in the program or activity.

76.     COOK COUNTY, the Cook County Jail and the Cook County Sheriff's office receive federal financial assistance.

77.     LACY is paralyzed from the waist down and dependent on his wheelchair for mobility, as such LACY is a qualified individual with a disability pursuant to Section 504.

78.     By failing to provide LACY with the reasonable accommodation of a wheelchair accessible "bullpen," including wheelchair accessible toilets and beds, SHERIFF DART discriminated against LACY in violation of Section 504.

79.     SHERIFF DART's conduct was intentional and deliberately indifferent to LACY's federally protected rights.

80.     As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against the Defendant, COOK COUNTY SHERIFF THOMAS DART, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

### Count V – Violation of the Americans with Disabilities Act
**(Cook County Sheriff Thomas Dart)**

81. LACY hereby reasserts and incorporates Paragraph Nos. 1-42 as though fully set forth herein.

82. Under Title II of the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, but reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

83. The ADA requires public entities to provide reasonable accommodations to qualified individuals with disabilities to enable them to benefit from the service and participate in the program or activity.

84. LACY is paralyzed from the waist down and dependent on his wheelchair for mobility, as such LACY is a qualified individual with a disability pursuant to the ADA.

85. By failing to provide LACY with the reasonable accommodation of a wheelchair accessible "bullpen," including wheelchair accessible toilets and beds, SHERIFF DART discriminated against LACY in violation of the ADA.

86. SHERIFF DART's conduct was intentional and deliberately indifferent to LACY's federally protected rights.

87.     As a direct and proximate result thereof, LACY sustained serious and permanent physical injuries, pain and suffering, emotional trauma, and the deprivation of constitutional rights

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that this Court enter judgment for compensatory damages against Defendant, COOK COUNTY SHERIFF THOMAS DART, and to award Plaintiff his attorneys' fees and costs under 42 U.S.C. § 1988, and for any other relief as this Court deems necessary and appropriate.

## Count VI – Indemnity
### (Cook County)

88.     LACY hereby reasserts and incorporates Paragraph Nos. 1-87 as though fully set forth herein.

89.     At the time of the incident the Cook County Officers were employees of the Cook County Sheriff's Office, an agency of COOK COUNTY.

90.     Similarly, at the time of the incident, SHERIFF DART served as Cook County Sheriff, an elected official of COOK COUNTY.

91.     All Defendants were acting within the scope of their employment in committing the misconduct described herein.

92.     As the municipal corporation that empowers and ultimately governs the Cook County Sheriff's Office, COOK COUNTY is obligated to pay any judgment entered against individual Defendants within the scope of their employment for Cook County.

WHEREFORE, the Plaintiff, JONATHAN LACY, respectfully requests that, COOK COUNTY be ordered to indemnify Defendants SHERIFF DART, ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL, ELIAS GUERECA, JOSUE GARCIA, and DERMAN TAYLOR for any or other relief that may be afforded to LACY as a result of the present lawsuit, and for any other relief as this Court deems necessary and appropriate.

## JURY DEMAND

The Plaintiff, JONATHAN LACY, hereby demands a trial by jury pursuant to Federal Rule

of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

JONATHAN LACY

By: /s/ Ronald S. Cope
    One of His Attorneys

Ronald S. Cope, ARDC# 0515256
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 2300
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
rcope@schainbanks.com