IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:22-cv-01442 |
| ) | |
| COOK COUNTY, COOK COUNTY ) | Honorable Jeffery I. Cummings |
| SHERIFF THOMAS DART, ADIS ) | |
| SKENDEROVIC, RICHARD PASQUEL, ) | JURY DEMANDED |
| TIM SPRYSZAK, MARTIN HILL, ELIAS ) | |
| GUERECA, JOSUE GARCIA, AND ) | |
| DERMAN TAYLOR. ) | |
| ) | |
| Defendants. ) | |

**INITIAL JOINT STATUS REPORT FOR REASSIGNED CASES**

The plaintiff, Jonathan Lacy ("Plaintiff"), through his attorneys, and the defendants County of Cook and County ("County") and Sheriff Thomas Dart ("Dart") (collectively, Defendants County and Dart"), through their attorneys, submit this Joint Initial Status Report for Reassigned Cases pursuant to the Court's October 30, 2023, Order (Dkt. No. 60) and state as follows:

1. **Nature of the Case**

   A. Identify the attorneys of record for each party, including the lead trial attorney.

   **Plaintiff is represented by Ronald S. Cope from Schain, Banks, Kenny, and Schwartz as lead attorney. Nicholas D. Standiford and Emily F. Ottesen are also attorneys of record in the case.**

   **Defendants County and Dart are represented by DeVore Radunsky LLC. Jason E. DeVore is the lead attorney. Zachary G. Stillman is an attorney of record in the case.**

   **Defendants, Adis Skenderovic, Richard Pasquel, Tim Spryszak, Martin Hill, Elias Guereca, Josue Garcia, and Derman Taylor, have been identified in Plaintiff's Second Amended Complaint, filed on November 8, 2023 and waiver**

1

**of service forms were sent to attorneys for Defendants County and Dart on November 9, 2023. No appearance has been entered on their behalf. The issue of representation of the seven newly named defendants subject to the November 9, 2023, service waivers is being considered, but defense counsel has not yet been confirmed given the timing of the waivers. It is expected that the issue of representation and filing appearances and responsive pleadings for the seven new defendants would occur by January 15, 2024.**

B. State the basis for federal jurisdiction.

**All claims asserted by Plaintiff in the present cause of action are constitutional claims posing federal questions. Federal jurisdiction is therefore appropriate without raising issues of supplemental or diversity jurisdiction.**

C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

**As set forth in the Amended Complaint, Plaintiff is wheelchair bound and he alleges that he was forced to stay in the "bullpen" at the Cook County Jail, despite a court order restricting the use of such bullpen. He alleges that he was violently pushed, slammed to the floor, punched, and taunted by officers when they were putting Plaintiff in the bullpen. Plaintiff alleges that he was held in the bullpen for over 24 hours without food, water, bathroom facilities, a bed or a change of clothes. Plaintiff further alleges that these circumstances were the direct result of policies and practices implemented by Sheriff Dart, the Amended Complaint contains five (5) counts. They are as follows:**

- **Count I – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment (Individual Cook County Correctional Officers);**
- **Count II – Use of Excessive Force in Violation of the Fourth Amendment (Individual Cook County Correctional Officers);**
- **Count III – Failure to Provide Habitable Living Conditions in Violation of the Fourteenth Amendment pursuant to *Monell* (Sheriff Thomas Dart);**
- **Count IV – Violation of the Rehabilitation Act (Sheriff Thomas Dart); and**
- **Count V – Violation of the Americans with Disabilities Act (Sheriff Thomas Dart)**
- **Count VI – Indemnity (Cook County)**

**Plaintiff's complaint and amended complaints against County and Dart were subject to dismissal. Defendants have not yet interposed affirmative defenses because motions to dismiss were filed instead. Defendants reserve all rights and defenses.**

D. Describe the relief sought.

**Plaintiff seeks compensatory and punitive damages and attorney's fees and costs, and any other relief that this Court deems necessary and appropriate against each defendant.**

E. Identify any parties that have not yet been served.

**Defendants, Adis Skenderovic, Richard Pasquel, Tim Spryszak, Martin Hill, Elias Guereca, Josue Garcia, and Derman Taylor, have been identified in Plaintiff's Second Amended Complaint, filed on November 8, 2023. Waiver of service forms were sent to attorneys for Defendants on November 9, 2023.**

2. **Discovery and Pending Motions**

   A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.

   **None at this time. Defendants County and Dart are in the process of evaluating the allegations of the Second Amended Complained filed on November 8, 2023. Due to the holidays and upcoming 3-week absence of attorney Zachary Stillman, due to his honeymoon, defendants Cook and Dart ask the Court to allow responsive pleadings to the Second Amended complaint to be filed by January 15, 2024.**

   B. What is the current discovery schedule?

   **All discovery is currently stayed pending a ruling on Defendants' Motion to Dismiss.** *See* **Dkt. No. 53. It is sensible to continue the stay in light of the procedural posture and seven new defendants.**

   C. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completed discovery by the current deadline.

   **On October 3, 2023, Plaintiff issued limited scope Requests to Produce, seeking information which could help identify the unknown officers. On November 2, 2023, Defendants answered said requests. No other discovery has taken place. There is currently no discovery schedule or other discovery related deadlines.**

   D. Briefly summarize all substantive rulings issued in the case. (For each ruling, including the date and the docket number.)

3

        **On April 14, 2022, this Court granted Plaintiff's application to proceed** *in forma pauperis* **and Motion for Attorney Representation.** *See* **Dkt. No. 5.**

        **On September 28, 2023, this Court granted in part and denied in part Defendants' Rule 12(b)(6) Motion to Dismiss. The Court dismissed the substantive claims against Defendant Cook County with prejudice. The Court dismissed Count III without prejudice. And the Court ordered Plaintiff to serve the Unknown Officers within 30 days of the date of the order.** *See* **Dkt. No. 40.**

        **On October 26, 2023, this Court granted Plaintiff's Motion for an Extension of Time to Amend His Complaint and Serve the Unknown Officers, allowing Plaintiff until November 11, 2023, to identify and serve the Unknown Officers.** *See* **Dkt. 43.**

    E.    Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.

        **Plaintiff anticipates filing a Second Motion for an Extension of Time to Serve the Unknown Officers.**

        **Defendants have not made any decisions regarding additional motions regarding the Second Amended Complaint filed yesterday, November 8, 2023, but may file a motion to dismiss.**

3.    <u>**Trial**</u>

    A.    Have any of the parties demanded a jury trial?

        **Yes, a jury was demanded.**

    B.    What is the trial date (if any)?

        **None.**

    C.    Have the parties filed a final pretrial order? If not, when is the deadline for filing?

        **No pretrial order has been filed, and there is currently no deadline for filing**.

    D.    Estimate the number of trial days.

        **The trial length is not predictable at this time.**

4.    <u>**Settlement, Referrals, and Consent**</u>

    A.    Have any settlement discussions taken place? If so, what is the status?

>   **The parties engaged in an unsuccessful settlement conference before the Honorable Heather K. McShain on March 10, 2023. Ahead of the conference, Plaintiff issued a settlement demand, however the settlement conference was unsuccessful.**

B.  Has this case been referred to the Magistrate Judge for Discovery supervision and/or a settlement conference?

    **On February 9, 2023 this case was referred to the Magistrate for a settlement conference, which was held on March 10, 2023. The conference was unsuccessful and no further referrals have been made.**

C.  Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

    **Plaintiff is amenable to participating in a settlement conference at this time. Defendants do not believe that a settlement conference would be fruitful at this time in light of plaintiff's prior demand and the current procedural posture, including adding seven new defendants in the November 8, 2023, Complaint.**

D.  Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?

    **All parties have been so informed, however, all parties do not consent to a Magistrate at this time.**

5.  **Other**

    A.  Is there anything else that the plaintiff wants the Court to know?

        **Pursuant to this Court's Order and Opinion on Defendant's Motion to Dismiss (Dkt. 40) and this Court's Order entered October 26, 2023 (Dkt. 43), Plaintiff filed his Second Amended Complaint on November 8, 2023, and has provided Defense Counsel with Waiver of Service forms. Pursuant to FRCP 4(d)(F) Defendants have a minimum of 30 days to return the Waiver of Service forms. Because this timeframe exceeds the current deadline by which Plaintiff must have served the unknown officers, Plaintiff intends to file a second motion for an extension of time to serve Defendants Adis Skenderovic, Richard Pasquel, Tim Spryszak, Martin Hill, Elias Guereca, Josue Garcia, and Derman Taylor in order to allow Defendants the full 30 days to return the forms.**

    B.  Is there anything else that the defendants want this Court to know?

5

> **Defendants cannot agree to Plaintiff's anticipated second motion for extension of time and do not believe that the new defendants are limited to a 30-day response window. Rather, Rule 4(d)(F) provides that the defendants are provided "a reasonable time of at least 30 days after the request was sent" to return the waivers.**

Respectfully submitted,

**JONATHAN LACY**
By: /s/ *Ronald S. Cope*
SCHAIN, BANKS, KENNY & SCHWARTZ, LTD.
Ronald S. Cope (ARDC # 051256)
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
rcope@schainbanks.com

**COOK COUNTY AND SHERIFF DART**

By: /s/ *Jason Devore*
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC #6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com