UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN LACY, | ) |
| Plaintiff, | ) Case No. 1: 22-cv-01442 |
| vs. | ) Hon. Sara L. Ellis |
| COUNTY OF COOK, COOK COUNTY SHERIFF THOMAS DART, and UNKNOWN COOK COUNTY CORRECTIONAL OFFICERS, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FRCP 4(m) AND 12(b)(6)**

NOW COME Defendants ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL, ELIAS GUERECA, JOSUE GARCIA, DERMAN TAYLOR ("Cook County Officer Defendants" or "Cook County Officers" or "Officer Defendants"), COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a Body Politic and Corporate (incorrectly named as County of Cook) (collectively, "Defendants"), by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, pursuant to Rules 4(m) and 12(b)(6) of the Federal Rules of Civil Procedure, and for their Motion to Dismiss Plaintiff's Second Amended Complaint ("Complaint"), state as follows:

**INTRODUCTION**

Initially, Plaintiff Jonathan Lacy filed this action as a handwritten complaint, accepted by the court on March 18, 2022, naming only "unknown staff" as defendants. (ECF No. 1.) On December 20, 2022, Plaintiff filed a First Amended Complaint, naming defendants County of Cook, Cook County Sheriff Thomas Dart for the first time, along with "Unknown Cook County Correctional Officers." (ECF No. 14.)

On November 8, 2023, Plaintiff filed a Second Amended Complaint ("SAC"), removing Cook County as a substantive party, but leaving a count seeking indemnity after conceding to Defendants' argument showing that it was improper to name Cook County in relation to substantive claims. (ECF No. 48.) The SAC names, for the first time, the following "Cook County Officer Defendants" instead of "Unknown Cook County Correctional Officers": Adis Skenderovic, Richard Pasquel, Tim Spryszak, Martin Hill, Elias Guereca, Josue Garcia, and Derman Taylor. (ECF No. 48.)

Importantly, each of the Cook County Officer Defendants should be dismissed from this matter for two reasons. First, the permissible time period to name and serve John Doe Defendants under Federal Rule of Civil Procedure Rule 4(m) has expired. Second, the applicable statute of limitations period expired long ago on April 20, 2022.

Plaintiff's claims relate to an incident on April 20, 2020, wherein Plaintiff alleges that he was wheelchair-bound and placed in an intake area on the third floor in Division 8 while he awaited his bond hearing. (ECF No. 48.) Specifically, Plaintiff alleges that Officer Defendants pushed Plaintiff to the floor and left him in the area for over 24 hours without wheelchair accommodations, sleeping arrangements, clothing, toilet, running water, or bed. (ECF No. 48.)

Plaintiff also asserts claims against Cook County Sheriff Thomas Dart in Counts III, IV, and V, under *Monell*, and violations of the Rehabilitation Act and ADA. (*Id.*) Plaintiff's *Monell* claims fail to allege a widespread policy with any supporting evidence, and his ADA and Rehabilitation Act claims are barred by the statute of limitations as well.

**STANDARD OF REVIEW**

When considering a Rule 4(m) motion to dismiss for failure to effect timely service of process, "a district court must first inquire whether a plaintiff has established good cause for failing

to effect timely service," and if such is shown, it must extend the time for an appropriate period. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). When considering a motion to dismiss, courts evaluate whether Plaintiff's complaint has met its obligation to provide sufficient grounds for its entitlement to relief beyond a mere "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A court considering a motion to dismiss should assume the veracity of all well-pled factual allegations in the complaint, then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a 12(b)(6) motion to dismiss. *Id.* at 678. To avoid dismissal, the complaint must sufficiently describe the claim to give the defendant fair notice of the claim and the grounds upon which it rests, and the complaint must include enough facts to state a claim to relief that is plausible on its face and rise above a speculative level. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009); *E.E.O.C. v. Concentra Health Services., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (noting that a party can proceed under a 12(e) motion for more definite statement when unstated facts are not known to moving party). A Rule 12(e) motion is appropriate when, as here, a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

**ARGUMENT**

I. **Cook County Officer Defendants Should be Dismissed from Counts I and II Pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's Failure to Timely Effectuate Service**

Plaintiff's Second Amended Complaint asserts two counts against the individual named Cook County Officer Defendants. (ECF No. 48 ¶¶ 1-58.) Count I alleges a claim for failure to provide habitable living conditions in violation of the Fourteenth Amendment, while Count II asserts a claim for use of excessive force in violation of the Fourteenth Amendment. (*Id.*) Plaintiff's first two complaints, filed on March 18, 2022, and December 20, 2022, instead of naming the individual officers, named only Unknown Cook County Correctional Officers (also referred to as "Unknown Staff"). (ECF Nos. 1, 14.) Plaintiff failed to serve those unknown Defendants prior to the expiration of the period prescribed by this Court under Rule 4(m) before amending his complaint with their true identities. Therefore, all Cook County Correctional Officers should be dismissed. Federal Rule of Civil Procedure 4(m) requires service to be affected within 90 days after the filing of a complaint. FED. R. CIV. P. 4(m). Though "Plaintiffs may sue unknown defendants and use discovery to identify them, unless they receive leave for more time, plaintiffs must identify and serve such defendants within ninety days of filing suit." *Martin v. Noble Cnty. Sheriff's Dep't,* No. 21-1214, 2021 WL 5505407, at *2 (7th Cir. Nov. 24, 2021); *see also Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill.1995) (permitting plaintiff to utilize discovery to identify unknown defendants).

Proceeding against unnamed defendants is viewed unfavorably. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *Strauss v. City of Chi.*, 760 F.2d 765, 770 n.6 (7th Cir. 1985).

Plaintiff filed his complaint on March 18, 2022, naming the unknown officers as the sole Defendants. (ECF No. 1.) Nearly two years passed before service on the first unknown officer was

4

effectuated on November 9, 2023 (ECF No. 52). This is well after the ninety-day period expired. FED. R. CIV. P. 4(m). Plaintiff's claims are also against Cook County and Sheriff Dart, thus, issues that may arise with dismissing an action that names only unknown defendants do not apply here. *Aviles*, 160 F.R.D. at 567-68 (denying motion to dismiss action against only unknown defendants where plaintiff commenced discovery to determine identities). Thus, it is appropriate to dismiss the Cook County Correctional Officer Defendants based upon Plaintiff's failure to serve or name the unknown officers within the ninety-day period permitted by Rule 4(m).

### II. Cook County Officer Defendants Should Be Dismissed from Counts I and II Based Upon Expiration of the Statute of Limitations

The statute of limitations expired against Defendants Adis Skenderovic, Richard Pasquel, Tim Spryszak, Martin Hill, Elias Guereca, Josue Garcia, and Derman Taylor prior to Plaintiff naming them as individual Defendants. The April 20, 2020, incident giving rise to Plaintiff's claims occurred more than two years before Plaintiff named individual Defendants. Hence, the claims are barred and these Defendants should be dismissed from this suit.

The law treats § 1983 claims "as personal injury claims," therefore, they "are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) (citing *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)). Accordingly, the statute of limitations for Plaintiff's claims is two years. *Delgado-Brunet*, 93 F.3d at 342; 735 ILCS 5/13-202.

Additionally, a plaintiff cannot contend that John Doe Defendants were not named due to a mistake, as the "definition of 'mistake' under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario." *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). Naming a John Doe Defendant is a "intentional and informed decision [which] cannot amount to mistake." *Id.*

According to the complaint, the alleged incident occurred on April 20, 2020. (ECF No. 48, ¶ 4.) Plaintiff filed his first complaint naming unknown staff on March 18, 2022. Thus, Plaintiff was required to name and sue the Defendants by April 20, 2022. Since Plaintiff's Second Amended Complaint naming the individual unknown officers was filed on November 8, 2023, the statute of limitations had already expired for more than a year. Thus, the complaint against the unknown Defendants and Defendants Adis Skenderovic, Richard Pasquel, Tim Spryszak, Martin Hill, Elias Guereca, Josue Garcia, and Derman Taylor must be dismissed.

### III. Defendant Sheriff Thomas Dart Should be Dismissed from Count III Because Plaintiff Fails to Plead a Widespread Practice under *Monell* or Any Actual Allegations of Personal Involvement

Plaintiff's failure to allege a widespread practice as required under *Monell* requires the dismissal of Defendant Sheriff Thomas Dart from Count III. Additionally, Plaintiff's Complaint is bereft of any allegations of Sheriff Dart's personal involvement.

*Monell* claims require a plaintiff to plead that an official policy or widespread practice "*is responsible* for the deprivation of rights" and require a fact-specific inquiry into whether a plaintiff's injuries were caused by the policies and practices complained of with particularity. *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 306 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690, 698 (1978)) (emphasis added). Specifically, *Monell* and its progeny have noted that the specific policy or practice must itself be the moving force behind the violation. *Id.*

Plaintiff's *Monell* claim fails against Sheriff Dart, who is synonymous with the Cook County Sheriff's Office,[1] because the practice alleged is not widespread. Additionally, there are no allegations that Sheriff Dart, in his individual capacity, took any actions or caused any injury or deprivation as to Plaintiff. The same is true regarding his official capacity, in that no allegations were pled alleging that Dart personally promulgated or had any role in the promulgation of policies or practices which resulted in the injury or deprivation alleged by Plaintiff. (ECF No. 48.) *Thomas*, 604 F.3d at 306. For these reasons, Sheriff Dart should be dismissed from Count III of Plaintiff's Complaint.

Official capacity suits only stand where an alleged deprivation is the result of (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted).

Plaintiff has not pled any express policy, nor has he made any express allegation that Sheriff Dart or his officers caused a constitutional injury; therefore, he alleges what amounts to a widespread policy. However, the circumstances of a single incident of alleged unconstitutional conduct does not and cannot amount to existence of a widespread practice. *City of Oklahoma v*

---

[1] "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (internal citation omitted); *see also Moss v. Singleton*, 110 F. Supp. 3d 876, 881 (N.D. Ill. 2015) ("As a claim against the Cook County Sheriff's Office duplicates the official capacity claim against Dart, the claims against the Cook County Sheriff's Office are dismissed"); *Brown v. Cook County*, No. 17 C 8085, 2018 WL 3122174, at *14 (N.D. Ill. June 26, 2018) ("[Plaintiff makes] no argument regarding why her claims against Dart should not be stricken as redundant in light of the fact that she has also sued the CCSO; accordingly, the Court grants the request to strike the claims against Dart."); *Reyes v. Dart*, No. 17 C 9223, 2019 U.S. Dist. LEXIS 71320, at *1-2 (N.D. Ill. Apr. 29, 2019) ("The official capacity claims against Dart are functionally against the Cook County Sheriff's Department, which operates the Cook County Department of Corrections, which in turn operates the Jail.").

*Tuttle*, 471 U.S. 808, 822-23 (1985). Indeed, even *three* isolated instances may be too few to show the existence of a widespread custom. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002). Accordingly, this Court should find that the single instance of allegedly unconstitutional conduct pled here likewise fails to show the existence of a widespread policy or practice, necessitating Sheriff Dart's dismissal from Count III as there can be no *Monell* liability.

Here, Plaintiff's complaint merely alleges that the circumstance of this single event show that Defendant Sheriff Dart and the Sheriff's Office have failed to implement policies or procedures ensuring inmates such as Plaintiff "were provided adequate accommodations[, both] throughout the intake process," and "to ensure that inmates left in the third-floor, div 8 [sic]'bullpen' were not overlooked." (ECF No. 48 ¶¶ 62-63.) While Plaintiff asserts that "these policies and practices were widespread, and were known, or should have been known, to SHERIFF DART, as Cook County Sheriff." *id.* ¶ 66., asserting a single incident of an alleged constitutional violation, alongside an unsupported, self-serving statement that the alleged practices (or lack thereof) behind such a violation were indeed widespread, is *not enough* to support a *Monell* claim. *See City of Oklahoma*, 471 U.S. at 822-23; *Gable*, 296 F.3d at 538. Plaintiff simply does not state a plausible claim reflecting any alleged *widespread* policy or practice as a moving force behind the alleged violation.

While there is no bright line defining a widespread custom or practice, a single allegation of unconstitutional conduct does not show that a policy, practice, or custom, exists. *City of Oklahoma*, 471 U.S. at 822-23; *Gable*, 296 F.3d at 538 (finding that three isolated incidents are too few to indicate that municipality had widespread custom of which policymakers had reason to be aware). Plaintiff's longer-than-desired stay in a holding cell, and the minor consequences of his resistance to the same, do not equate to implementation of a widespread custom or policy, nor does

it equate to the occurrence of any kind of constitutional violation, especially at the hands of Defendant Sheriff Dart. Accordingly, no widespread policy or custom under *Monell* was properly pled as evidenced from this single incident.

Additionally, Plaintiff makes no allegations that Sheriff Dart personally had any involvement in the implementation or execution of any policy or custom, nor that the alleged deprivation was the express result of such. No actions in Plaintiff's Complaint are attributable to Sheriff Dart in his individual capacity. Sheriff Dart is not alleged to have had any personal involvement in the injury or deprivation alleged, nor in the promulgation of any policies or practices directly resulting in the occurrence of the injury or deprivation at hand. (ECF No. 48.) Individual liability necessitates a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Additionally, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). No actions here are attributable to Sheriff Dart, and the actions of his officers are not attributable to him. Therefore, Sheriff Dart, in his individual capacity, must be dismissed.

Further, Plaintiff has failed to show the existence of any widespread practice or custom perpetuated by Sheriff Dart or his officers that directly resulted in the deprivation alleged. He has also failed to show that Sheriff Dart personally participated in the occurrence of any alleged injury

or deprivation, or in the promulgation of policies and customs of a widespread nature which resulted in the injury or deprivation alleged by Plaintiff. Therefore, Plaintiff has not pled a *prima facie* argument for *Monell* liability, and Defendant Sheriff Dart should be dismissed from Count III.

**IV.  Defendant Sheriff Thomas Dart Should be Dismissed from Counts IV and V as the Statute of Limitations for Claims Under the ADA and Rehabilitation Act Expired.**

Plaintiff's claims against Defendant Sheriff Dart under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act in Counts IV and V are also barred under the applicable statute of limitations of these claims. The alleged incident occurred on April 20, 2020. By the time the First Amended Complaint was filed on December 20, 2022, these claims were already barred by the expiration of the applicable statute of limitations.

Claims arising under the ADA and Rehabilitation Act must be brought within two years of the alleged violation. *See, e.g.*, *Bonnstetter v. City of Chi.,* 811 F.3d 969, 974 (7th Cir. 2016); *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (citing *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)). Plaintiff first brought his ADA and Rehabilitation Act claims after the statute of limitations expired on April 20, 2022. Accordingly, his claims against Sheriff Dart under the Rehabilitation Act and the ADA are barred by law and cannot be permitted to proceed.

## CONCLUSION

For all the foregoing reasons, it is appropriate that this Court grant Defendants' Motion to Dismiss.

WHEREFORE, Defendants, ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL, ELIAS GUERECA, JOSUE GARCIA, DERMAN TAYLOR,

COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a Body Politic and Corporate, respectfully request that this Honorable Court enter an order as follows:

1. Defendants' Motion to Dismiss is Granted;

2. Defendants ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL, ELIAS GUERECA, JOSUE GARCIA, and DERMAN TAYLOR are dismissed from Counts I and II;

3. Defendant COOK COUNTY SHERIFF THOMAS DART is Dismissed from Counts III, IV, and V; and

4. Any other such relief as this Court deems reasonable and just.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. Rs. Civ. P. 4(m), 12(b)(6)** was filed on January 19, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*