IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-cv-01442 |
| | ) | |
| COOK COUNTY, COOK COUNTY | ) | Honorable Jeffery I. Cummings |
| SHERIFF THOMAS DART, ADIS | ) | |
| SKENDEROVIC, RICHARD PASQUEL, | ) | JURY DEMANDED |
| TIM SPRYSZAK, MARTIN HILL, ELIAS | ) | |
| GUERECA, JOSUE GARCIA, AND | ) | |
| DERMAN TAYLOR. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FRCP 12(b)(6) AND (4)(m)
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, JONATHAN LACY ("Plaintiff), by and through one of his attorneys of record, RONALD S. COPE, and for his Response to Defendants Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint, states as follows:

### I.     INTRODUCTION

Plaintiff's Second Amended Complaint includes six total counts consisting of two counts for Fourteenth Amendment violations brought against the previously unnamed officers of the Cook County Sheriff's Department, now identified as Officers Skenderovic, Pasquel, Spryskaz, Hill, Garcia, Guereca, and Taylor ("Officer Defendants"), three counts for Monell violations, and violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act against Cook County Sheriff Thomas Dart, and a final count for indemnification against Cook County.

Defendants have moved to dismiss the Officer Defendants from Counts I and II arguing that Plaintiff failed to timely effectuate service pursuant to Federal Rule of Procedure (4)(m) and

1

that the statute of limitations has run on these counts. As to Count III against Sheriff Dart, Defendants argue that Plaintiff has failed to meet the notice pleading standard for a *Monell* claim. Finally, as it related to Counts IV and V, Defendants make another statute of limitations argument to dismiss the ADA and Rehabilitation Act violation claims against Sheriff Dart.

For the reasons asserted herein, Defendants' Motion to Dismiss should be denied. First, Plaintiff has timely effectuated service on the named Defendants after being granted leave of court to name and serve the Officer Defendants. Plaintiff complied with this Court's service deadline extensions to name and serve the Officer Defendants and timely effectuated service pursuant to FRCP(4)(m). Second, Plaintiff has pled facts adequate to support a *Monell* claim against Sheriff Dart. Third, Plaintiff's ADA and Rehabilitation Act claims are not barred because they related back to the original Complaint, pursuant to Rule 15(c). Finally, Officer Defendants should not be dismissed from Counts I and II, as equitable tolling should apply to this case as to the naming of the formerly unknown Officer Defendants.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff is an inmate currently incarcerated at Pinckneyville Correctional Center. This is the third correctional facility he has been detained in since his arrest in 2020, having also been transferred to Statesville Correctional Facility and having started his incarceration at the Cook County Jail, where the subject incident took place. The present case arises from an incident that occurred on April 20, 2020, in a "bullpen" or "cage" of the Division 8 intake area of the third floor of the Cook County Jail. According to the allegations in Plaintiff's Complaint, Plaintiff, who is wheelchair bound and paralyzed from the waist down, was violently pushed into the bullpen area, where he was both verbally and physically assaulted. Plaintiff was then abandoned in the "bullpen" without access to a bed, toilet, running water, a change of clothes, or any wheelchair accessible

accommodations. As Plaintiff has alleged, he was left in the "bullpen" for over 24-hours, during which he was forced to soil himself with no change of clothes, and sleep on the floor. *See* Plaintiff's Second Amended Complaint at ECF No. 48.

Plaintiff has brought two separate causes of action against Cook County, Sheriff Dart, and various individual correctional officers related to two separate incidents that occurred during his time at the Cook County Jail. The present case relates to the first of these two incidents, and the other case involves an incident that occurred a few weeks later in May of 2020. Both causes of action were filed by Plaintiff *pro se* in March of 2022 and are both currently pending before this Court. On April 14, 2022, this Court granted Plaintiff's motion for attorney representation in both causes of action and appointed the undersigned counsel to represent Plaintiff in both cases. Although the causes of action relate to different incidents that occurred within the Cook County Jail, Defendants are represented by the same counsel in both causes of action, as is Plaintiff.

Plaintiff filed his First Amended Complaint on December 20, 2022. (ECF No. 14). This complaint included five total counts against the then unknown officers, Cook County, and Sheriff Dart. Like the present complaint, Counts I and II were raised against the individual officers for use of excessive force and failure to provide a habitable living condition. Count III was a *Monell* claim against both the County and Sheriff Dart for impermissibly maintaining a policy and practice that directly resulted in the violation of Plaintiff's 14th Amendment rights, and Count IV and V were claims against the County and Sheriff Dart for violations of the Rehabilitation Act and Americans with Disabilities Act. (ECF. No. 14). On April 21, 2023, Defendants' filed their Motion to Dismiss the First Amended Complaint, raising similar arguments as the present motion. Specifically, Defendants' argued that Plaintiff had failed to effectuate service in 120 days and failed to name the unknown defendants within the applicable statute of limitations period and that Plaintiff had

failed to meet the notice pleading standard for a *Monell* claim. Notably, Defendants' original motion to dismiss did not address the ADA or Rehabilitation Act claims included in Plaintiff's first amended complaint, other than to argue that the County was not a proper party. (ECF No. 36).

This Court issued a ruling on Defendants' first Motion to Dismiss on September 28, 2023. (ECF No. 40). The ruling dismissed Plaintiff's *Monell* claim without prejudice, and instructed Plaintiff to identify and serve the Unknown Officers within 30 days. (ECF No. 40 at pp. 1-2). Prior to the 30-day deadline, on October 23, 2023, Plaintiff filed his Motion to Extend the Deadline to File and Serve his Second Amended Complaint. (ECF No. 41). In the motion, Plaintiff explained that he had both submitted a Freedom of Information Act Request ("FOIA Request") to the Cook County Sheriff's Office seeking information that could help identify the unknown officers, as well as served Defendants with limited scope Requests to Produce, which also sought information that could help identify the unknown officers. However, pursuant to the Federal Rules of Civil Procedure, Defendants had 30 days to respond to Plaintiff's requests. Plaintiff, therefore, requested a 14-day extension to allow Plaintiff the opportunity to receive the information requested from Defendants and have the opportunity to identify and serve the unknown officers (ECF No. 41). This motion was granted, and Plaintiff was given until November 11, 2023, to identify and serve the unknown defendants. (ECF No. 43).

Once the Requests to Produce were answered, Plaintiff filed the present Second Amended Complaint within a week and provided counsel for Defendants with Waiver of Service forms. While waiting for Defendants to return the forms in order to timely effectuate service, Plaintiff filed two subsequent motions for an extension of time, both of which were granted. (ECF Nos. 50, 51, 56, and 60). The waiver of service forms were returned, and each was timely filed in

accordance with this Court's extensions of time. (ECF Nos. 52-55, 57-58, and 61). Defendants then timely filed the present Motion to Dismiss Plaintiff's Second Amended Complaint.

### III.     LEGAL STANDARD

Unlike in Illinois state court, Federal pleadings need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Therefore, to successfully state a cause of action a plaintiff's complaint must merely provide the defendants with "fair notice" of a claim and its basis. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although this standard requires more than unadorned accusations, it does not require detailed factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Ultimately, to survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must only allege facts which, if accepted as true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *See Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (internal quotations omitted). Finally, when opposing a Rule 12(b)(6) Motion to Dismiss, a plaintiff is permitted to "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 n.2 (7th Cir. 2021).

### IV.     ARGUMENT

**A. Plaintiff was granted leave of Court to name and serve unknown Correctional Officer Defendants. Plaintiffs timely effectuated service upon Officer Defendants in compliance with this Court's extended deadline and Rule 4(m).**

Defendants argue that Counts I and II against the Officer Defendants should be dismissed pursuant to FRCP 4(m), which states in relevant part:

> "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant **or order that**

>**service be made within a specified time**. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4 (Emphasis added).

Defendants argue that the time limit for service of the then unknown Officer Defendants expired ninety days after Plaintiff filed his first Complaint on March 18, 2022, during which period Plaintiff was incarcerated at the Cook County Jail. (ECF Nos. 1, 62). However, Defendants omit that in previously addressing this same issue, this Court ordered that service be made within 30 days, rather than dismissing the claim. (ECF. No. 40). Furthermore, this Court subsequently extended the time limit for service of the Officer Defendants on multiple occasions pursuant to motions brought by Plaintiff. (*See* ECF Nos. 43, 51, 60).

Plaintiff complied with this Court's most recent order regarding the time limit for service and served all parties by January 12, 2024, before this Court's most recent service deadline of January 16, 2024. (*See* ECF Nos. 52, 54, 55, 60). Plaintiff timely sought and was granted time limit extensions from this Court and complied with them, just as FRCP(4)(m) requires. Consequentially, it is inappropriate to dismiss the Correctional Officer Defendants pursuant to FRCP (4)(m).

### B. Plaintiff sufficiently pled facts to support a *Monell* claim against Cook County Sheriff Thomas Dart.

Overall, in order to establish liability under *Monell*, a plaintiff must prove that "the unconstitutional act complained of is caused by (1) an official policy adopted and promulgated by its officers; (2) a practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy making authority." *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1078 (N.D. Ill. 2018). The present case states a claim under the second of the three possible *Monell* violations.

A federal *Monell* claim is not subject to a heightened pleading standard. *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). Like all other Federal claims, a plaintiff must only plead a "plausible claim" that shows the plaintiff is entitled to relief. *Id.* In *White*, the Seventh Circuit held that the plaintiff's individual claim, together with the standard printed form that did not require specific factual support for an arrest warrant to be issued, was enough to establish a widespread practice within the Chicago Police Department. *Id.* at 844 (dismissing the *Monell* claim on other grounds, but holding that the district court erred in finding plaintiff had insufficient plead a policy and practice). Generally, since *White*, courts have "scotched motions to dismiss premised on arguments that the complaint does not contain allegations beyond those relating to plaintiff." *Williams v. City of Chicago*, 315 F.Supp 3d 1060 (N.D. Ill. 2018) (interpreting *White*) (internal quotations and citations omitted). Instead, "[c]ourt[s] look[] to the instances of misconduct alleged, the circumstances surrounding the alleged constitutional injury, and additional facts probative of a widespread practice or custom." *Id.* at 1079 (internal citations omitted). Further, courts have held that a *Monell* plaintiff must "allege enough 'by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible.'" *Bohannon v. City of Milwaukee*, 998 F. Supp. 2d 736, 742 (E.D. Wis. 2014) (quoting *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011)).

Here, Plaintiff has alleged that his abandonment in the "bullpen" at the Cook County Jail was a result of the Sheriff's failure to implement a policy to ensure that such incidents do not occur. (ECF No. 48 at ¶ 63). As the policy maker for the Cook County Sheriff's Office, this failure falls directly on Sheriff Dart. *See King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir 2012) (holding that a third-parties policy "becomes that of the County if the County delegates final decision-making authority to it.").

The ultimate question courts ask to determine whether a plaintiff has sufficiently plead a widespread policy or practice is whether "there is a policy at issue rather than a random event." *Hill v. Cook County*, 463 F. Supp. 3d 820, 841 (N.D. Ill. 2020). In the present case, when taking as true the well plead facts of Plaintiff's First Amended Complaint, Plaintiff has sufficiently shown that his abandonment in the "bullpen" area was a result of the lack of policy and procedures in place to prevent this kind of incident and to adequately protect inmates with disabilities. Courts have consistently held that similarly pled facts met the federal court's notice pleading standard, as the following cases illustrate:

1. *Bohannon v. City of Milwaukee*, 998 F. Supp. 2d 736 (E.D. Wis. 2014) (plaintiff's "conclusory allegations" in conjunction with pled facts that supervisors received "many complaints prior to the incident in question" and failed to take action to address these complaints sufficiently stated plausible *Monell* claim.)

2. *Savory v. Cannon*, 532 F. Supp. 3d 628 (N.D. Ill. 2021) (identifying several similar plaintiffs allegedly subject to similar misconduct are "enough to survive a motion to dismiss.")

3. *Williams v. City of Chicago*, 315 F. Supp. 3d 1060 (N.D. Ill. 2018) (plaintiff's circumstances in conjunction with three allegations of similar misconduct amounted to sufficient *Monell* claim).

4. *Hill v. City of Harvey*, 17 C 4699, 2018 WL 278720 (N.D. Ill. Jan. 3, 2018) (plaintiff's nonspecific claims of widespread practice in conjunction with plaintiff's detailed claims of supervisory misconduct held to be "sufficient to withstand [defendant's] motion to dismiss").

5. *Shields v. City of Chicago*, 17 C 6689, 2018 WL 1138553 (N.D. Ill. Mar. 2, 2018) (plaintiff raised "reasonable inference" that he was not alone in suffering from alleged practice or custom by citing DOJ report on CPD's use of excessive force, and motion to dismiss *Monell* claim was denied as a result.)

Although it is true that Plaintiff will have to elicit evidence that significantly expands upon the allegations in his Complaint in order to ultimately prove his claim, at this stage he has adequately raised enough facts to put the County and Sheriff Dart on notice of the *Monell* claim

against them. Plaintiff alleges that a high number of people with disabilities enter the Cook County Jail, and that when they arrive they are given an initial medical and mental health screening. (ECF No. 48 at ¶¶ 22 and 62). Furthermore, as in *Savory v. Cannon*, Plaintiff makes reference to multiple other lawsuits that arose as a result of said widespread policies and practices. (ECF No. 48 at ¶ 68). Plaintiff acknowledges that these lawsuits are not dispositive in the present matter, but that they too arose as a result of failures to provide adequate accommodations, and that they only "scratch the surface" of the history of inadequate accommodations. (ECF No. 48 at ¶¶ 68-69). Like in the above cases, while this may not be enough to affirmatively prove a *Monell* claim, it is enough to "nudge [Plaintiff's] claim of purposeful discrimination across the line from conceivable to plausible." *See Bohannon*, 998 F. Supp. 2d 736, 742.

    **C. Counts IV and V Should Not Be Dismissed Because These Claims Relate Back to Plaintiff's Original Complaint**

Defendants argue that Counts IV and V against Defendant Sheriff Dart for violations of the ADA and Rehabilitation Act should be dismissed because they were not filed until after the two-year statute of limitations had passed. Rule 15(c)(2) of the Federal Rules of Civil Procedure allows claims to be brought after the statute of limitations has passed so long as "the claim or defenses asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading…." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 557 (7th Cir. 1996) (*Quoting* Fed. R. Civ. P. 15(c)). Furthermore, courts have held that "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits…" *Mortensen v. Arrowood*, 23-c-6150, 2024 U.S. Dist. LEXIS 4385 at 5 (N.D. Ill. January 9, 2024) (awaiting publication) (*citing Woods v. Indiana University, Purdue University at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993).

9

Similarly, courts in this jurisdiction have stated that "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald*, 95 F.3d at 555.

Rule 15(c) "generally permits relation back where an amended complaint asserts a new claim on the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 733 (N.D. Ill. June 20, 2014). The facts alleged in Plaintiff's Second Amended Complaint in support of Counts IV and V are virtually unchanged from those alleged in the original complaint. Plaintiff timely filed his original complaint *pro se*, arguing that he is wheelchair bound and was left in a cage (known as a "bullpen") on the third floor of Division 8 for over 24 hours with no access to a toilet or running water. (ECF No. 1). Plaintiff stated that he is paralyzed, and when left he was "forced to use the bathroom on [himself]." (ECF No. 1). When he informed staff the next day, he was ridiculed and called names. (ECF No. 1). The present Complaint reiterates that Plaintiff is wheelchair bound and requires accessible accommodations. The complaint further alleges that Sheriff Dart violated the ADA and Rehabilitation Act by failing to provide these accommodations, and by doing so impermissibly discriminated against Plaintiff. (ECF. No. 48 at p. 11-13). Though the Second Amended Complaint (and First Amended Complaint, for that matter) now advance new legal theories for violations of the ADA and the Rehabilitation Act not raised in the original complaint filed by Plaintiff when he was *pro se*, these claims still relate back and rely on the same facts plead since the case was originally filed.

    **D. The Statute of Limitations Related to the Previously Unknown Defendants Is Subject to Equitable Tolling**

10

The equitable tolling of the statute of limitations is appropriate, when a plaintiff has "been unable, despite all reasonable diligence, to learn ... the wrongdoer's identity." *Donald,* 95 F.3d at 562. Importantly, equitable tolling does not require the defendant to have taken active steps to prevent the plaintiff from suing, but rather requires a court to weigh the plaintiff's interests against "the possibility of prejudice to the defendants occasioned by the delay." *Id.* at 562. Factors that may justify equitable tolling include situations where "a claimant has received inadequate notice; a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; [or] the court has led the plaintiff to believe that she had done everything required of her." *Id*. In *Donald*, the court took a preliminary look at the doctrine of equitable tolling to an unrepresented and incarcerated plaintiff, who was unable to discover the identities of the officers without discovery or court-ordered disclosure of their identities. *Id*. The appellate court opined that the district court had improperly dismissed the plaintiff's case, and remanded it for further proceedings and directed the district court to "determine whether the balance of equities favors tolling the statute of limitations to allow [the plaintiff] to bring this suit against the individual defendants, once they are identified." *Id.* at 562.

In the present case, Plaintiff filed grievance forms with the Cook County Sheriff's Office within a week of the incident. (ECF No. 1 at 7-11). In response Lacy was given an "immediate notice" that his case had been forwarded to the Office of Professional Review and Divisional Superintendent for "review and/or investigation." (ECF No. 1 at 10). Furthermore, the original "immediate notice" instructed Plaintiff to appeal within 15-days to fully exhaust his administrative remedies, and Plaintiff did so in writing. (ECF No. 1 at 9). The Office of Professional Review later sent a letter on July 29, 2020, simply stating that the Office had completed its review and that "[d]ue to confidentiality issues, [it is] not at liberty to provide the findings of any investigation *or*

11

Case: 1:22-cv-01442 Document #: 64 Filed: 02/16/24 Page 12 of 13 PageID #:235

<u>the names of the Cook County Sheriff's Office employee(s)</u> involved in the investigation." (ECF No. 1 at 11).

During the time period between the incident on April 20, 2020, and when the lawsuit was initially filed on March 18, 2022, Plaintiff was diligent in pursuing his administrative remedies. Like the plaintiff in *Donald*, Plaintiff was, and to this day is, an incarcerated inmate with limited access to resources to both help him investigate his own claims, and navigate the legal process. The confusion surrounding the legal process was only further compounded by the response from the Sheriff's Office of Professional Review, in which the Office **refused** to identify the officers involved. Plaintiff handled the administrative process to the best of his abilities as an incarcerated, *pro se* litigant. Though Plaintiff was eventually able to secure attorney representation, his motion for attorney representation was not granted until April 16, 2022. (ECF No. 5). In fact, the initial status on the case following the Court's order granting attorney representation was not set until June 15, 2022, nearly two months after the expiration of the statute of limitations Defendants currently argue applies. (ECF Nos. 5 and 9). Despite this, the Court continued to allow Plaintiff time to investigate the claims and amend his complaint, including in the Court's order on Defendants' last Motion to Dismiss, giving Plaintiff thirty days to identify and serve the Unknown Defendants.

Defendants were made aware of the incident that is the subject of Plaintiff's Complaint within a week of the incident when Plaintiff submitted his administrative grievance. Defendants had the opportunity to investigate and identify those involved, information they then kept to themselves. Defendants would not be prejudiced if this Court were to grant Plaintiff equitable tolling of the statute of limitations. On the other hand, Plaintiff, in light of his circumstances, diligently pursued his claims to the best of his ability. The balance of equities therefore supports

12

equitable tolling and allowing this case to proceed on the merits of Plaintiff's claims against the Officer Defendants.

## V. **CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiff, JONATHAN LACY, prays that this Court deny Defendants' Rule 12(b)(6) Motion to Dismiss in its entirety, or, in the alternative grant Plaintiff leave to file a Third Amended Complaint.

Respectfully submitted,

JONATHAN LACY

By: /s/ Ronald S. Cope
     One of His Attorneys

Ronald S. Cope, ARDC# 0515256
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
rcope@schainbanks.com

13