UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN LACY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1: 22-cv-01442 |
| ) | |
| vs. ) | Hon. Sara L. Ellis |
| ) | |
| COUNTY OF COOK, COOK COUNTY SHERIFF ) | |
| THOMAS DART, and UNKNOWN COOK COUNTY ) | |
| CORRECTIONAL OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(m), 12(b)(6)**

NOW COME Defendants ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL, ELIAS GUERECA, JOSUE GARCIA, DERMAN TAYLOR ("Cook County Officer Defendants" or "Cook County Officers" or "Officer Defendants"), COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a Body Politic and Corporate (incorrectly named as County of Cook) (collectively, "Defendants"), by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Reply in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint, state as follows:

**ARGUMENT**

**I.     Plaintiff's Claims are Barred Pursuant to Rule 4(m) and the Statute of Limitations**

Plaintiff's failure to timely serve unknown defendants within the initial 120 days after the filing of his complaint, pursuant to Fed. R. Civ. P. 4(m), warrants dismissal.

A court may rule on a motion or act on its own motion or on its own initiative and "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time[.]" Here, Plaintiff filed this lawsuit on March 18, 2022. (ECF No. 1.) Thereafter,

Plaintiff filed his first amended complaint, first naming the unknown defendants, on December 20, 2022. (ECF No. 14.) On April 20, 2022, the statute of limitations expired in relation to Plaintiff's claims. (*see* ECF No. 62 at 6.) Plaintiff offers no reasoned response to Defendants' arguments favoring dismissal of all now named Officer Defendants.

It is appropriate for this Court to address the statute of limitations now that unknown defendants have been identified and named in the complaint. The Statute of limitations defense should be addressed at this stage because the allegations of the complaint establish that the limitations period applies. Statute of limitations defenses may be resolved on motions to dismiss "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" under 12(b)(6). *Jimenez v. Illinois*, No. 11-cv-4707, 2012 WL 174772, at *5 (N.D. Ill. Jan. 18, 2012) (quoting *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011)); *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2012); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (statute of limitation may be raised in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense").

### a. Plaintiff Did Not Timely Effectuate Service Upon Officer Defendants in Compliance with the Court's Extended Deadline

Plaintiff argues that he was granted leave of court to name and serve the unknown defendants, and that the court's leave obviates the need to apply the statute of limitations to the recently named Defendants. Yet, the prevailing case law does not provide such an exception here. *Martin v. Noble Cnty. Sheriff's Dep't*, No. 21-1214, 2021 WL 5505407, at *2 (7th Cir. Nov. 24, 2021); *see also Aviles v. Vill. of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill.1995).

Plaintiff did not promptly serve the identified Defendants. Instead, on November 9, 2023, following the Court's October 26, 2023, Order in which it directed Plaintiff to serve the unknown officers by November 11, 2023 (ECF No. 43), Plaintiff's counsel sent a barrage of service waivers to Counsel for Defendants as to each Officer Defendant, which then forced Plaintiff to seek further extensions from this Court relative to service. Plaintiff's failure to act to protect himself from the expiration of the statute of limitations of his claims precludes him from proceeding against numerous individuals that he recently named. Plaintiff has attempted to proceed in a less than vigorous manner and did not diligently pursue service on these Defendants. Plaintiff made no effort to serve the newly named Defendants.

On April 20, 2022, the statute of limitations expired in relation to Plaintiff's claims. (ECF No. 62 at 6.) This occurred before the Court granted Plaintiff's first motion for extension of time to identify and serve the Unknown Defendants. Naming of a John Doe Defendant after the statute of limitations expires does not relate back to the filing of the original complaint. *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). The court acknowledged this fact in its September 28, 2023, order, and made Plaintiff aware that the clock was continuing to tick. (ECF No. 40 at 3-4.) Accordingly, Officer Defendants should be dismissed for Plaintiff's failure to serve them within the initial period of extension granted by the Court pursuant to FRCP 4(m).

### b. Equitable Tolling Does Not Apply

Plaintiff contends that the statute of limitations related to the unknown defendants is subject to equitable tolling. (ECF No. 64. at 10-12) On the contrary, it would be improper to apply the doctrine of equitable tolling for the claims against the Officer Defendants. Equitable tolling requires reasonable diligence. *Holland v. Fla.*, 560 U.S. 631, 653 (2010). Here, Plaintiff was not reasonably diligent in his efforts to serve the Officer Defendants.

Despite the lack of diligence, Plaintiff cites *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996), to support his argument that equitable tolling applies. But Plaintiff clearly was not "unable, despite all reasonable diligence, to learn" the identity of the unknown parties, as required by the *Donald* court. *Id.* at 562. Plaintiff did not show reasonable diligence in identifying or serving the Officer Defendants. Plaintiff's lack of diligence should not be rewarded. Instead, the Officer Defendants should be dismissed. Plaintiff's claim that he "was diligent in pursuing his administrative remedies" is not the same as exercising all reasonable diligence to learn the identities of the unknown officers. (ECF No. 64 at 12.) Plaintiff has not demonstrated any effort on his part to learn the identities of the officers from April 20, 2020, to when this Court issued its ruling on Defendants' Motion to Dismiss the first amended complaint on September 28, 2023. (ECF No. 40.)

The facts in *Donald* bear no resemblance to this matter. The *Donald* Plaintiff was an "unrepresented and incarcerated [individual] ... was unable to identify the officers ... involved ... without the aid of the tools of discovery or a court-ordered disclosure of their identities[,]" Here, Plaintiff made no efforts to identify the Officer Defendants after submitting his grievance in Cook County Department of Corrections. Additionally, Plaintiff's counsel made little effort to timely identify and serve the Officer Defendants. Plaintiff's counsel did not attempt to serve these Defendants. This lack of diligence is fatal.

Plaintiff also contends that Defendants refused to furnish information regarding the Officer Defendants to Plaintiff but bases this contention on a single appealed grievance from **April 27, 2020, regarding "[a]ll staff that worked [that] day."** (ECF No. 1 at 7.) First, Defendants' adherence to policy and procedure in processing and investigating Plaintiff's grievance should not

4

be held against it. Second, even if this argument had merit, it would not obviate the need for Plaintiff to act diligently with respect to the remaining Officer Defendants.

Accordingly, Plaintiff's claims against Unknown Cook County Correctional Officers are barred by Rule 4(m) and the claims should be dismissed in conjunction with the applicable statute of limitations.

**II.     Plaintiff has not Pled Sufficient Facts to Support a *Monell* Claim or an Individual Capacity Claim against Sheriff Dart**

Plaintiff has not pled sufficient facts to support a *Monell* claim. Therefore, such claims against Sheriff Dart should fail.

While Plaintiff claims as a factual matter that liability for his alleged abandonment in the bullpen of the Cook County Department of Corrections falls on Sheriff Dart in his official capacity as the policy maker for the CCSO, citing to *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012), he fails to make such allegations in his complaint.

Individual liability necessitates a defendant's personal involvement in the alleged constitutional violation. *see Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). There are no allegations in the complaint that Sheriff Dart personally had any involvement in the implementation or execution of any policy or custom, nor that the alleged deprivation was the express result of such. None of the allegations in Plaintiff's Complaint are attributable to Sheriff Dart in his individual capacity. Sheriff Dart is not alleged to have had any personal involvement in the alleged injury or deprivation, nor in the promulgation of any policies or practices directly resulting in the occurrence of the injury or deprivation at hand. (ECF No. 48.)

Plaintiff has also failed to allege a widespread custom or practice official capacity claim under *Monell*. The circumstances of a single incident of alleged unconstitutional conduct does not and cannot amount to existence of a widespread practice. *City of Oklahoma v Tuttle*, 471 U.S. 808,

822-23 (1985). Indeed, even *three* isolated instances may be too few to show the existence of a widespread custom. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002). The Seventh Circuit also recently stressed that widespread practice claims cannot rest on a handful of incidents, but must reflect conduct so pervasive and "so persistent and widespread as to practically have the force of law." *Bridges v. Dart*, 950 F.3d 476, 479-481 (7th Cir. 2020) (quoting *Connick v. Thomson*, 563 U.S. 51, 61 (2011)). Specifically, it recognized there that the CCDOC houses thousands of detainees, with hundreds entering and leaving on a daily basis, making it a far cry from the small-town lockup in fictional Mayberry, where "three or five incidents in a short period of time might create a question for a jury regarding whether a practice is widespread." *Bridges*, 950 F.3d at 480. At CCDOC, however, "three or five incidents over a seven-year period is inadequate as a matter of law to demonstrate a widespread custom or practice." *Id.* Accordingly, this Court should find that the single instance of allegedly unconstitutional conduct pled here likewise fails to show the existence of a widespread policy or practice, necessitating Sheriff Dart's dismissal from Count III as there can be no *Monell* liability.

While there is no bright line defining a widespread custom or practice, a single allegation of unconstitutional conduct does not show that a policy, practice, or custom, exists. *City of Oklahoma*, 471 U.S. at 822-23; *Gable*, 296 F.3d at 538 (finding that three isolated incidents are too few to indicate that municipality had widespread custom of which policymakers had reason to be aware). Established case law reflects that "single act[s] of misconduct will not suffice; for it is the series that lays the premise of the system of inference." *Jackson v. Marion Cnty.*, 66 F.3d 151, 152-53 (7th Cir. 1995) (finding a single instance of conduct sufficient where a "cover up" was alleged and uncontested by defendants in any capacity, "ma[king] the county complicit with the officers") (citing *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316,

1326-27 (7th Cir. 1993)). Plaintiff's longer-than-desired stay in a holding cell, and the minor consequences of his resistance to the same, do not equate to implementation of a widespread custom or policy, nor does it equate to the occurrence of any kind of constitutional violation, especially at the hands of Defendant Sheriff Dart. Accordingly, no widespread policy or custom under *Monell* was properly pled as evidenced from this single incident.

Plaintiff's misstatement and misapplication of the law improperly conflates numerous concepts and standards. Notably, Plaintiff fails to even identify any specific policy or custom here, instead targeting a failure to promulgate such. Plaintiff's assertions amount to Sheriff Dart being responsible for a non-alleged policy, and that his position then as the ultimate policy maker opens the door alone to *Monell* liability. But Plaintiff has still only identified a single instance, has not specifically alleged the widespread practice or policy, and points merely to conclusions to support his arguments. This is not enough.

Moreover, to simply allege that everything falls on Sheriff Dart personally is insufficient because a *Monell* claim and an individual capacity claim are distinct. *Sanders v. Splittorf*, No. 17-CV-00864-JPG, 2023 WL 2374370, at *3 (S.D. Ill. Mar. 6, 2023) ("As a general rule, *Monell* claims cannot proceed against an officer, in his or her individual capacity."); *see also Shirley v. Marion Cnty. Sheriff's Off.*, No. 119CV01032JPHTAB, 2020 WL 2113409, at *2 (S.D. Ind. May 4, 2020) ("A *Monell* claim cannot be brought against an individual in his individual capacity."); *Potts v. Moreci*, 12 F. Supp. 3d 1065, 1071 N. 3 (N.D. Ill. 2013) ("The court presumes that the references to "the Sheriff of Cook County" ... for *Monell* liability, refers to Dart in his official, and not individual, capacity. Potts cannot bring his *Monell* claim against Dart in his personal capacity."); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir.1988) ("Because

personal-capacity suits are really suits against the official as an individual, not against the government entity, *Monell* is always inapplicable.").

Plaintiff attempts to present this single incident as a widespread policy, which clearly stands contrary to the abundant body of relevant case law. Whether "there is a policy at issue rather than a random event" is indeed the issue which the court must ponder here but showing that a single incident occurred cannot show a widespread policy or custom of inaction, or otherwise a lack of such widespread policy or custom. *Hill v. Cook Cnty.*, 463 F. Supp. 3d 820, 841 (N.D. Ill. 2020). Accordingly, Plaintiff has not pled sufficient facts to support a *Monell* claim and Count III should be dismissed as against Sheriff Thomas Dart.

        **a. Plaintiff's *Monell* Argument for Liability Against Sheriff Dart Relies on inapplicable Case Law to Attempt to Plead Facts Establishing a Policy or Practice**

Plaintiff also cites to several other cases, asserting that they illustrate similar circumstances in which Federal Courts have ruled that *Monell* liability has been pled successfully. Plaintiff's argument is without support however, as his cited cases reference additional incidents, complaints, and issues, of other detainees, in conjunction with the plaintiff's claims, which ultimately culminate in determinations of the existence of widespread customs or policies, as necessitated under *Monell*.

First, Plaintiff cites to *Bohannon v. City of Milwaukee*, 998 F. Supp. 2d 736, 748 (E.D. Wis. 2014), a Wisconsin case. Incredibly, one need not even leave the pages of Plaintiff's brief to identify the problem with that case, as Plaintiff himself states that *Bohannon* found a plausibly pled *Monell* claim only where the Plaintiff's conclusory, strongly pled allegations, were taken into consideration alongside "many [other] complaints relating to improper searches prior to the incident in question." *Id.* The court in that case required that the plaintiff plausibly plead other occurrences of a similar nature for success. Plaintiff here has pled no such other similar

8

occurrences or complaints. The *Bohannon* case is accordingly either inapplicable, or else supports Defendants.

Next, Plaintiff looks to *Savory v. Cannon*, 532 F. Supp. 3d 628 (N.D. Ill. 2021), as support for his argument. Once again, Plaintiff has left the reader with no need to leave the pages of his brief to distinguish that case. The parenthetical included with Plaintiff's citation reads as follows:

> identifying several similar plaintiffs allegedly subject to similar misconduct are enough to survive a motion to dismiss.

(Pltf's Response Brief, ECF No. 64.) Here, Plaintiff admits that the plaintiffs in *Savory* presented numerous factually similar circumstances, culminating in the Court's determination that a widespread custom or practice was in play and that a valid *Monell* claim had been pled. In the instant case, Plaintiff has alleged a single incident without any comparable circumstances. Unlike in *Savory*, Plaintiff cannot present any pattern of reoccurrence or repetition. Plaintiff fails to even make any allegations of repeating conduct experienced by others. Without more, Plaintiff's claims under *Monell* must be dismissed.

Plaintiff also cites *Williams v. City of Chicago*, 315 F. Supp. 3d 1060 (N.D. Ill. 2018) and *Shields v. City of Chicago*, 17 C 6689, 2018 WL 1138553 (N.D. Ill. Mar. 2, 2018) in support of his assertion that he has pled a satisfactory claim for *Monell* liability. Remarkably, once again, both cases contain numerous occurrences beyond a singular incident as core parts of their allegations. In *Williams*, the Court found that *Monell* liability had been pled where the plaintiff's circumstances, as well as the similar circumstances of three others, amounted to *Monell* liability as a widespread practice had been pled. *Williams*, 315 F. Supp. 3d 1060. Similarly, in *Shields*, the plaintiff was able to prevail over a motion to dismiss where he showed successfully that he was not the only one suffering from the circumstances and harms alleged. *Shields*, 2018 WL 1138553. As can be seen, the common factor among these cases to which Plaintiff points in support is that

9

each involved the circumstances of numerous occurrences and misconducts. In none of the aforementioned cases did any court find a plausibly pled *prima facie* case for *Monell* liability in which the misconduct and circumstances experienced by a single individual, without anything further to show, supported the existence of a widespread custom or practice.

Plaintiff's final case in support of his purported *Monell* liability once again supports Defendants, because once again, in that case, multiple instances were alleged. *Hill v. City of Harvey*, 17 C 4699, 2018 WL 278720 (N.D. Ill. Jan. 3, 2018) ("*Taken together with Hill's detailed claims about the alleged misconduct of Thomas and Banks*, these allegations are sufficient to withstand Harvey's motion to dismiss.").

Plaintiff's caselaw does not support his assertion that *Monell* liability has been adequately pled here. Nor do the cited cases "nudge [Plaintiff's] claims of purposeful discrimination across the line from conceivable to plausible," (Pltf's Response, ECF No. 64 (quoting *Bohannon*, 998 F. Supp. 2d at 742).)

### III. Plaintiff's Claims in Counts IV and V Do Not Relate Back to Plaintiff's Original Complaint

Plaintiff wrongly asserts that he is able to bring additional claims under Fed. R. Civ. P. 15(c)(2). Federal Rule of Civil Procedure 15(c)(2) deals with notice when the "United States or a United States Officer or agency is added by amendment." Fed. R. Civ. P. 15(c)(2). The *Donald* case that Plaintiff cites to throughout his brief refers to Rule 15(c)(2) in the same context, though. However, in *Donald*, which was decided in 1996, the version of the Rules in effect were different, and that case dealt with the question of whether newly added claims had notice, so Plaintiff's citation to Rule 15(c)(2) makes sense in this respect. *Donald*, 95 F.3d at 562. Notably, *Donald* declined to answer the actual question of whether bringing another claim as to the same named

10

parties related back to the original complaint under 15(c), and it is therefore not instructive herein. *Id.*

Under Rule 15(c)(1)(C), an amendment changing the name of a party whom a claim has been asserted against requires that they have "[(i)] received such notice of the action that it will not be prejudiced in defending on the merits; and [(ii)] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii). Defendant Sheriff Dart has not received notice of the additional claims asserted against him such that he would not be prejudiced in defending himself on the merits. *See, e.g., Mehta v. Vill. of Bolingbrook*, No. 12 C 6216, 2014 WL 7450304, at *4 (N.D. Ill. Dec. 29, 2014) ("Plaintiffs offer no basis whatsoever that would support a finding that the newly-named defendants ... had any awareness, or should have been aware, that they would have been named as defendants but for a mistake by the plaintiffs. Thus the claims against the defendants do not relate back to the date the original complaint was filed").

Defendant Sheriff Dart was aware of the claims brought against him by Plaintiff initially – *Monell* type allegations with regard to a violent and troublesome disabled inmate who ripped apart his wheelchair in confinement, assaulted officers with the pieces, and necessitated a use of force that Plaintiff did not agree with to reduce the risk he posed to all around him – however, to now add in claims under the Americans with Disabilities Act and the Rehabilitation Act, is entirely outside of the realm of expectation and preparedness. Defendant Sheriff was prepared and ready for defense of *Monell* type allegations, and Plaintiff's delay in bringing these additional claims – Plaintiff made no mention of ADA and Rehabilitation Act claims until his *Second Amended Complaint*, filed on November 8, 2023, over a year after the March 18, 2022, initiation of his Case with his first Complaint – majorly prejudices Defendant Sheriff Dart's ability to litigate un-

11

impugned and defend his case on the merits. (*See* ECF Nos. 1, 48.) Further, the discovery in this case has not included any detail or clarification on the ADA and Rehabilitation Act claims, including clarifying the nature of such claims, or developing appropriate defenses.

Accordingly, Plaintiff's claims as against Defendant Sheriff Dart under the Americans with Disabilities Act and the Rehabilitation Act in Counts IV and V do not relate back to the filing of Plaintiff's initial complaint. Defendant Sheriff Dart should be dismissed from Plaintiff's Counts IV and V.

## **CONCLUSION**

For all the foregoing reasons, it is appropriate that this Court grant Defendants' Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Defendants' Motion to Dismiss is Granted;

2. Defendants ADIS SKENDEROVIC, RICHARD PASQUEL, TIM SPRYSZAK, MARTIN HILL, ELIAS GUERECA, JOSUE GARCIA, and DERMAN TAYLOR are dismissed from Counts I and II;

3. Defendant COOK COUNTY SHERIFF THOMAS DART is Dismissed from Counts III, IV, and V; and

4. Any other such relief as this Court deems reasonable and just.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230

Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Reply in Support of Motion to Dismiss Second Amended Complaint** was filed on March 1, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman