**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN LACY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 22 cv 1442** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **COOK COUNTY, COOK COUNTY** | ) | |
| **SHERIFF THOMAS DART, ADIS** | ) | |
| **SKENDEROVIC, RICHARD PASQUEL,**) | | |
| **TIM SPRYSZAK, MARTIN HILL,** | ) | |
| **ELIAS GUERECA, JOSUE GARCIA,** | ) | |
| **and DERMAN TAYLOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jonathan Lacy brings this action pursuant to 42 U.S.C. §1983 against defendants Cook County, Sheriff Thomas Dart, and seven individual Cook County Sheriff's Office officers, alleging, *inter alia*, excessive force related to an incident at Cook County Jail on April 20, 2020. (Dckt. #48). Currently before the Court is defendants' motion to dismiss plaintiff's second amended complaint, (Dckt. #62), which, for the reasons set forth below, is granted in part and denied in part.

**I.    BACKGROUND**

The following facts are taken from plaintiff's second amended complaint, ("Complaint"), (Dckt. #48).

Plaintiff, Jonathan Lacy, arrived at Cook County Jail on April 20, 2020 as a pretrial detainee. (Complaint ¶¶17, 21). That day, Lacy, who is paralyzed and wheelchair-bound, was moved from the second to the third-floor Div-8 intake area, known as the "bullpen" by defendant correctional officers Tim Spryszak and Richard Pasquel, and defendant sergeant Josue Garcia.

1

(*Id.* ¶¶11–12, 15, 18, 25). During the move, Spryszak, Garcia, and Pasquel made several jokes regarding Lacy's wheelchair. (*Id.* ¶27). When Lacy, Spryszak, Garcia, and Pasquel reached the third-floor bullpen, they were met by defendant correctional officers Adis Skenderovic, Martin Hill, Elias Guereca, and Derman Taylor (collectively, with Spryszak, Garcia, and Pasquel, the "Defendant Officers"). (*Id.* ¶28). Despite Lacy telling them that the bullpen was not supposed to be in use due to the COVID-19 pandemic, the Defendant Officers forced Lacy into the bullpen, pushing him violently and slamming him to the floor. (*Id.* ¶¶30–36). The Defendant Officers then beat and punched Lacy, forcibly handcuffed him, taunted him not to fight back, and left him in the third-floor bullpen without a bed, toilet, running water, or wheelchair accommodations for over twenty-four hours. (*Id.* ¶¶34–38). Forced to soil himself and sleep on the floor, Lacy alleges serious physical and emotional trauma. (*Id.* ¶¶41–42).

Lacy's Complaint alleges two counts for Fourteenth Amendment violations against the Defendant Officers, a *Monell* claim, and violations of the Americans with Disabilities Act, 42 U.S.C.A. §12101 *et seq.*, (the "ADA"), and Rehabilitation Act, 29 U.S.C. §794, against Sheriff Dart, and a final count for indemnification against Cook County.

## II.    LEGAL STANDARD

!    The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A party may move to dismiss a claim pursuant to Rule 12(b)(6) it fails "to state a claim upon which relief may be granted," and such a motion tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 887 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir.

2023) (cleaned up).  On the other hand, it is well-settled that "a plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses."  *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).  Because "affirmative defenses frequently turn on facts not before the court at [the pleading] stage, . . . dismissal is appropriate *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Id.* (cleaned up).  Finally, the Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in the [non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## III.    ANALYSIS

In support of their motion to dismiss, the Defendant Officers argue that Lacy failed to timely effectuate service pursuant to Federal Rule of Civil Procedure 4(m) and, alternatively, that the statute of limitations has run on Lacy's Fourteenth Amendment claims against them.  For his part, Sheriff Dart argues that Lacy fails to meet the pleading standard for a *Monell* claim and that Lacy's claims under the ADA and Rehabilitation Act are barred under the applicable statute of limitations.  The Court addresses each of these arguments below.

### A.    Lacy's Complaint is Timely Under Rule 4(m)

The Defendant Officers argue that Lacy's Fourteenth Amendment claims are time-barred because Lacy failed to serve them within the ninety-day period proscribed by Federal Rule 4(m). Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed.R.Civ.P. 4(m).  The Defendant Officers' argument under Rule 4(m) is without merit.

Defendants raised an identical argument when they moved to dismiss Lacy's first amended complaint. Relying on the language of Rule 4(m), Judge Ellis (to whom this case was previously assigned) explained that the Court was permitted to either "dismiss the action without prejudice" *or* "order service within a specified time." *Lacy v. Cook Cnty.*, No. 22 C 1442, 2023 WL 6388132, at *2 (N.D.Ill. Sept. 28, 2023). Then, in the exercise of her discretion, Judge Ellis chose to extend the time for service by thirty days instead of dismissing the claims against the unserved officers outright. *Id.* at *3. The Court later extended the time limit for service to January 16, 2024, (Dckt. #60), and the parties do not dispute that Lacy served the Defendant Officers within the time specified by the Court. Accordingly, the Court finds that Lacy's Fourteenth Amendment claims against the Defendant Officers are timely under Rule 4(m).

### B. Defendants' Statute of Limitations Argument Cannot Be Decided at the Motion to Dismiss Stage

The Defendant Officers assert that Lacy's first and second counts should be dismissed because Lacy failed to bring his Fourteenth Amendment claims within the applicable two-year statute of limitations period. (Dckt. #62 at 5–6); *see Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992) (explaining that Section 1983 claims arising in Illinois are governed by a two-year statute of limitations). Lacy does not dispute that over two years passed between the events giving rise to his claims and his naming of the Defendant Officers; however, he argues that the statute of limitations period should be equitably tolled for the time his motion for appointment of counsel was pending and due to his efforts to identify the officers.

The statute of limitations is an affirmative defense and a "plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc.*, 821 F.3d at 939 (cleaned up). Moreover, the Seventh Circuit and other courts of appeals have held that district courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses,

4

particularly where equitable tolling is implicated. *See, e.g.*, *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004) (stating that tolling should not be decided on a motion to dismiss because generally more evidence is required); *Clark v. Hanley*, 89 F.4th 78, 94–95 (2d Cir. 2023) ("equitable tolling often raises fact-specific issues premature for resolution on a Rule 12(b)(6)"); *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 301–02 (3d Cir. 2010) ("[O]ur Court (and our sister circuit courts) have reasoned that, because the question whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion."); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006) ("Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue.").

An "exception to this rule applies where the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." *Walker v. City of Chicago*, 596 F.Supp.3d 1064, 1070 (N.D.Ill. 2022) (cleaned up). But, having reviewed the Complaint, the Court concludes this is not such a case. Lacy has not pleaded facts that unequivocally demonstrate that the doctrine of equitable tolling applies or that his claims are barred by the relevant statute of limitations. Instead, whether Lacy will be able to rebut the statute of limitations defense with equitable tolling will require the analysis of outside evidence unavailable at the motion to dismiss stage. It is best to wait for this evidence before a final decision regarding the applicability of equitable tolling is made. *See Reiser*, 380 F.3d at 1030 ("It is best to await a final decision rather than leap into a subject that evidence may cast in a new light."). Thus, although the Defendant Officers identify facts that, if true, raise concerns about

whether Lacy's claims can withstand a statute of limitations defense, the resolution of this issue must wait for summary judgment or trial. Accordingly, the Court denies defendants' motion to dismiss Lacy's Fourteenth Amendment claims against the Defendant Officers based upon their statute of limitations affirmative defense.

### C. Lacy's *Monell* Claim Fails Because He Has Not Alleged a Widespread Practice

Sheriff Dart once more argues that the Court should dismiss Lacy's *Monell* claim because Lacy has not alleged a widespread practice. The Court agrees.

Sheriff Dart raised an identical argument when he moved to dismiss the *Monell* claim Lacy alleged against him in his first amended complaint. In accepting Sheriff Dart's argument, Judge Ellis explained that to state a *Monell* claim, Lacy was required to plead facts that plausibly show "(1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority." *Lacy*, 2023 WL 6388132, at *3 (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Judge Ellis then determined that Lacy's general reference to "dozens of previous lawsuits brought by detainees with disabilities for failure to provide proper accommodations," (Dckt. #38 at 9), without additional information, could not "support an inference of a widespread practice" sufficient to support a *Monell* claim. *Lacy*, 2023 WL 6388132, at *4.

Although the Court granted Lacy the opportunity to replead his *Monell* claim, his Complaint fails to remedy the same fatal error identified by Judge Ellis—that is, Lacy attempts to allege a widespread practice by simply citing to a laundry list of additional cases in which plaintiffs have alleged that Sheriff Dart failed to provide them with proper accommodations.

(Complaint ¶68). Such allegations were—and remain—insufficient to support his *Monell* claim. *Lacy*, 2023 WL 6388132, at *4 (citing *Black v. City of Chicago*, No. 18-cv-6518, 2022 WL 425586, at *6 (N.D.Ill. Feb. 11, 2022)) ("A defendant cannot get to trial on the *Monell* claim simply by showing that the City of Chicago gets sued a lot."); *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, No. 20 C 0292, 2021 WL 767619, at *11 (N.D.Ill. Feb. 26, 2021) ("The existence of another lawsuit is not enough to state a claim that a defendant maintains a widespread practice."); *Bethune v. Westchester Cnty.*, No. 18-CV-3500 (NSR), 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (granting motion to dismiss plaintiff's *Monell* claim after finding that the "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability.").

In sum: because a random event, which is all Lacy alleges apart from the other lawsuits, does not suffice to allege a widespread practice, the Court dismisses Lacy's *Monell* claim against Sheriff Dart.

### D. Lacy's Claims Under the ADA and Rehabilitation Acts Are Not Time-Barred Because They Relate Back Under Federal Rule 15(c)

Finally, Sheriff Dart argues that Lacy's claims under the ADA and Rehabilitation Act are barred by the applicable two-year statute of limitations. As the Court previously explained, the statute of limitations is an affirmative defense and a "plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc.*, 821 F.3d at 939. However, the Court may reach the issue if the affirmative defense turns on facts before the Court at the pleading stage, *id.*, which include its docket, *see, e.g.*, *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008) ("a court is of course entitled to take judicial notice of judicial

proceedings"); *United States v. Doyle*, 121 F.3d 1078, 1088 (7th Cir. 1997) (taking judicial

notice of district court's docket sheet).

Lacy argues that his claims are timely because they qualify for relation back under

Federal Rule 15(c).  Under Rule 15(c)(1), an amendment adding a party to the complaint after

the statute of limitations has run relates back to the timely filed complaint so long as:

> (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint;
>
> (2) within the period provided by Rule 4(m), the party added by amendment received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (3) the added party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021) (cleaned up).  The Court further notes that

the Seventh Circuit has emphasized the "broad scope to be given Rule 15(c)" based on the

principle that "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the

general purpose of seeing that cases are tried on the merits and to dispense with technical

procedural problems."  *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 883

(7th Cir. 1993) (cleaned up); *Mortensen v. Arrowood*, No. 1:23-CV-6150, 2024 WL 98422, at *3

(N.D.Ill. Jan. 9, 2024) (same).

In this case, Sheriff Dart does not dispute that Lacy's ADA and Rehabilitation Act claims

are related to the April 20, 2020 event raised in Lacy's Complaint and, therefore, concedes that

the first prong of the relation-back inquiry is satisfied.  Sherrif Dart also does not raise any

arguments on the third prong of the relation-back inquiry, and therefore concedes that prong is

also met.  Sheriff Dart contends, however, that he did not receive notice of Lacy's ADA and

Rehabilitation Act claims such that he only expected and prepared a *Monell* defense.  In Sheriff

Dart's view, requiring him to litigate the ADA and Rehabilitation Act claims now would

"majorly" prejudice him because "discovery in this case has not included any detail or clarification on the ADA and Rehabilitation Act claims." (Dckt. #65 at 11).

The Court disagrees. As the parties are aware, this Court stayed discovery pending its ruling on defendants' motion to dismiss, (Dckt. #51), and the parties' prior status report indicates that only limited discovery, focused on "identify[ing] the unknown officers," occurred prior to the stay, (Dckt. #49 at 3). Given that discovery on the merits has not yet commenced, the Court finds that Sheriff Dart has not demonstrated any unfair prejudice that would result from the application of the relation back doctrine. *See Olech v. Vill. of Willowbrook*, 138 F.Supp.2d 1036, 1046 (N.D.Ill. 2000) (finding no prejudice where "discovery is still in the early stages, and in any event, the addition of Ms. Zimmer as a party plaintiff will not materially alter the discovery required in the case."); *Brown v. SportsArt Am., Inc.*, No. 10 C 6818, 2012 WL 5304157, at *4 (N.D.Ill. Oct. 25, 2012) (defendant failed to demonstrate it would be prejudiced in defending the action on the merits where discovery was not closed and all discovery had not yet been completed). Accordingly, the Court declines to dismiss Lacy's ADA and Rehabilitation claims.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendants' motion to dismiss, (Dckt. #62). Lacy's *Monell* claim against Sheriff Dart is dismissed. Defendants shall answer Lacy's second amended complaint on or before May 22, 2025.

**Date: April 30, 2025**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**

9